**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN URBINO, for himself and on behalf of other current and former employees,<br>*Plaintiff-Counter-Defendant-Appellee,*<br><br>v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC., a Delaware corporation, and ROLLINS, INC., a Delaware corporation,<br>*Defendants-Counter-Claimants-Appellants.* | No. 11-56944<br><br>D.C. No.<br>2:11-cv-06456-CJC-PJW |

| | |
|---|---|
| JOHN URBINO, for himself and on behalf of other current and former employees,<br>*Plaintiff-Counter-Defendant-Appellant,*<br><br>v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC., a Delaware corporation, and ROLLINS, INC., a Delaware corporation,<br>*Defendants-Counter-Claimants-Appellees.* | No. 11-57002<br><br>D.C. No.<br>2:11-cv-06456-CJC-PJW |

| | |
|---|---|
| JOHN URBINO, for himself and on behalf of other current and former employees,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC., a Delaware corporation, and ROLLINS, INC., a Delaware corporation,<br>*Defendants-Appellees*. | No. 12-55064<br><br>D.C. No.<br>2:11-cv-06456-CJC-PJW<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
March 5, 2013—Pasadena, California

Filed August 13, 2013

Before:  Michael Daly Hawkins, Sidney R. Thomas,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hawkins;
Dissent by Judge Thomas

# SUMMARY[*]

## Diversity Jurisdiction

The panel held that the federal courts lacked subject mater jurisdiction over this California dispute, vacated the district court's order denying plaintiff's motion to remand, and directed the district court to return the matter to state court for resolution.

Under California's Private Attorneys General Act of 2004 ("PAGA"), if the state agency declines to investigate labor code violations, an aggrieved employee may commence an action against the employer. Plaintiff filed a representative PAGA action, and defendants removed the matter to federal court on the basis of diversity, based on evidence that the aggregated claims of the individual employees could result in liability in excess of the minimum jurisdictional requirements under 28 U.S.C. § 1332(a)(1). The panel held that the recoveries at issue cannot be aggregated to meet the amount in controversy requirement, and therefore there was no federal diversity jurisdiction.

Judge Thomas dissented because he would conclude that claims under PAGA can be aggregated in determining whether diversity jurisdiction exists, and therefore the district court properly exercised diversity jurisdiction.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Theodore R. Scarborough (argued), Robert N. Hochman, and Tacy F. Flint, Sidley Austin LLP, Chicago, Illinois; John E. Lattin, Fisher & Phillips LLP, Irvine, California; Christopher C. Hoffman, Fisher & Phillips LLP, San Diego, California, for Defendants-Appellants/Cross-Appellees (No. 11-56944, 11-57002), Defendants-Appellees (12-55064).

Kenneth H. Yoon (argued) and Stephanie E. Yasuda, Law Offices of Kenneth H. Yoon, Los Angeles, California; Peter M. Hart and Amber S. Healy, Law Offices of Peter M. Hart, Los Angeles, California, for Plaintiff-Appellee/Cross-Appellant (No. 11-56944, 11-57002), Plaintiff-Appellant (12-55064).

---

**OPINION**

HAWKINS, Senior Circuit Judge:

This interlocutory appeal deals with a unique statute concerning the claims of California residents against the owners and operators of California-based enterprises. Brought originally in state court, it has been removed to federal court on the theory that the individual claims, when aggregated, meet the minimum requirements of diversity jurisdiction. We have jurisdiction to review the district court's refusal to remand the dispute back to state court. Because we determine that the recoveries at issue cannot be aggregated to meet the amount in controversy requirement, we vacate the district court order and remand with

instructions to return the dispute to the California courts for resolution.[1]

## I. BACKGROUND

With passage of the Private Attorneys General Act of 2004 ("PAGA"), the California Legislature fundamentally altered the state's approach to collecting civil penalties for labor code violations. Though the Labor and Workforce Development Agency ("LWDA") retained primacy over private enforcement efforts, under PAGA, if the LWDA declines to investigate or issue a citation for an alleged labor code violation, an aggrieved employee may commence a civil action "on behalf of himself or herself and other current or former employees" against his or her employer. Cal. Lab. Code § 2699(a); *Arias v. Super. Ct.*, 209 P.3d 923, 930 (Cal. 2009). If the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 25% of the civil penalties recovered while the LWDA is entitled to 75%. Cal. Lab. Code § 2699(i).

From 2005 to 2010, Plaintiff John Urbino, a California citizen, worked in a nonexempt, hourly paid position for Defendants, each of whom is a corporate citizen of another state, in California. Alleging that Defendants illegally deprived him and other nonexempt employees of meal periods, overtime and vacation wages, and accurate itemized wage statements, Urbino filed a representative PAGA action.

Defendants removed the matter to federal court on the basis of diversity, presenting evidence that the labor code

---

[1] The parties do not suggest any alternative basis for federal jurisdiction apart from diversity jurisdiction.

violations identified by Urbino would give rise to claims involving 811 other employees who were issued at least 17,182 paychecks and that the claims could result in liability in excess of the minimum jurisdictional requirements under 28 U.S.C. § 1332(a)(1).[2] Plaintiff responded by moving the district court to remand the case to state court.

The district court thus had to decide whether the potential penalties could be combined or aggregated to satisfy the amount in controversy requirement. If they could, federal diversity jurisdiction would lie because statutory penalties for initial violations of California's Labor Code would total $405,500 and penalties for subsequent violations would aggregate to $9,004,050. If not, the $75,000 threshold would not be met because penalties arising from Urbino's claims would be limited to $11,602.40. Acknowledging a divergence of opinion among the district courts on the issue and noting that this court has yet to address it, the district court found PAGA claims to be common and undivided and therefore capable of aggregation.

## II. JURISDICTION AND STANDARD OF REVIEW

We have interlocutory appellate jurisdiction pursuant to 28 U.S.C. § 1292(b) to review the district court's denial of Urbino's motion to remand.[3] "We review de novo a district

---

[2] At the time Defendants removed the case to federal court, they also moved to compel arbitration in accordance with the parties' arbitration agreement.

[3] Because this court has jurisdiction pursuant to § 1292(b), it need not address Urbino's alternative contention that the court should exercise pendent appellate jurisdiction.

court's denial of a motion to remand to state court for lack of federal subject matter jurisdiction." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011).

## III.  DISCUSSION

To invoke federal diversity jurisdiction under 28 U.S.C. § 1332(a), a matter must "exceed[] the sum or value of $75,000." Where, as here, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007), the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

There is no dispute that Urbino's individual potential recovery would not meet the $75,000 threshold. Rather, the issue is whether the penalties recoverable on behalf of *all* aggrieved employees may be considered in their totality to clear the jurisdictional hurdle.

The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement. *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911). In *Snyder v. Harris*, the Supreme Court applied that rule to representative actions, holding that the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they "unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. 332, 335 (1969). To determine the character of that interest, courts look to "the source of plaintiffs' claims. If the

claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985).

But simply because claims may have "questions of fact and law common to the group" does not mean they have a common and undivided interest. *Potrero Hill Cmty. Action Comm. v. Hous. Auth.*, 410 F.2d 974, 977 (9th Cir. 1969). Only where the claims can strictly "be asserted by pluralistic entities as such," *id.*, or, stated differently, the defendant "owes an obligation to the group of plaintiffs as a group and not to the individuals severally," will a common and undivided interest exist, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir. 2001) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000)).

Aggrieved employees have a host of claims available to them—e.g., wage and hour, discrimination, interference with pension and health coverage—to vindicate their employers' breaches of California's Labor Code. But all of these rights are held individually. Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees. *Troy Bank*, 222 U.S. at 41 (explaining that an interest is common and undivided when "neither [party] can enforce [the claim] in the absence of the other"). Defendants' obligation to them is not "as a group," but as "individuals severally." *Gibson*, 261 F.3d at 944 (quotation omitted). Thus, diversity jurisdiction does not lie because their claims cannot be aggregated.

Defendants contend however that the interest Urbino asserts is not his individual interest but rather the state's collective interest in enforcing its labor laws through PAGA.

*See, e.g.*, *Arias*, 209 P.3d at 934; *Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*, 209 P.3d 937, 943 (Cal. 2009). Accordingly, they argue this is effectively a "case[] in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant," *Snyder*, 394 U.S. at 335, and that those claims can be combined to satisfy the minimum amount in controversy requirement of the diversity statute, *id*. To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a "citizen" for diversity purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59 (1901); *see also Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) (explaining that "a State is not a 'citizen' for purposes of the diversity jurisdiction").

Accordingly, the federal courts lack subject matter jurisdiction over this quintessential California dispute. We therefore vacate the district court order denying the Plaintiff's motion to remand and direct the district court to return the matter to state court for resolution.[4]

**VACATED AND REMANDED.** Costs on appeal to Urbino.

---

[4] Because we find that the district court lacked jurisdiction, we need not address Defendants' contention that the lower court erred in denying their motion to compel arbitration.

THOMAS, Circuit Judge, dissenting:

Because I conclude that claims under the Labor Code Private Attorney General Act of 2004 ("Private Attorney General Act," "the Act," or "PAGA"), Cal. Lab. Code § 2698 *et seq.*, can be aggregated in determining whether diversity jurisdiction exists, I respectfully dissent.

"Our starting point for determining the amount in controversy is to characterize the [aggrieved employees'] claims under California state law." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53 (1961)). Thus, we look to "the source" of plaintiffs' claims to determine whether they are subject to aggregation. *Id.* at 546.

Under California law, a representative action under the Private Attorney General Act "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *Arias v. Superior Court*, 209 P.3d 923, 934 (Cal. 2009) (internal quotation marks and citation omitted). The Act neither creates nor vindicates substantive rights of individual aggrieved employees. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 209 P.3d 937, 943 (Cal. 2009). Rather, it deputizes aggrieved employees to vindicate the State's interest in labor code enforcement. *Arias*, 209 P.3d at 933–34. PAGA plaintiffs such as Urbino sue "as the proxy or agent of the state's labor law enforcement agencies," *id.* at 933, and do not enjoy "property rights or any other substantive rights" under the statute they enforce, *Amalgamated Transit*, 209 P.3d at 943. A successful PAGA plaintiff is not entitled to "damages." Rather, he receives a twenty-five percent share of the civil penalties recovered on behalf of the State as an incentive

payment for bringing suit in the public interest. As such, PAGA plaintiffs do not represent "separate and distinct" claims subject to the anti-aggregation rule. *Troy Bank of Troy, Ind.*, *v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911). Instead, they "represent[] the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the [State]." *Arias*, 209 P.3d at 933 (citations omitted). Looking, as we must, to "the source" of Urbino's claim, *Eagle*, 769 F.2d at 546, the amount in controversy equals the total civil penalties sought in the action.

In this regard, a PAGA plaintiff stands in a position comparable to a plaintiff in a shareholder derivative suit, who likewise lacks a direct proprietary interest in the subject of the litigation and sues as a proxy for the injured corporation. *Id.* at 546–47. Notwithstanding the individual recovery secured by successful shareholder derivative plaintiffs, we have long held their claims subject to aggregation, relying on the rationale that derivative suits vindicate corporate interests and benefit the shareholders only indirectly. *Id.* at 546–47 & n.4.

That Private Attorney General Act plaintiffs do not vindicate "separate and distinct" claims is further evidenced by the fact that their claims under the Act are not assignable, *Amalgamated Transit*, 209 P.3d at 943–44, and may be pursued by individual aggrieved employees only if the State elects not to take enforcement action, Cal. Lab. Code § 2699.3; *Arias*, 209 P.3d at 930. More importantly, "[b]ecause an aggrieved employee's action under the [Act] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be

bound by a judgment in an action brought by the government." *Arias*, 209 P.3d at 933. If aggrieved employees possessed individual substantive rights under the Act, this broad rule of preclusion would raise serious due process concerns. *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

For these reasons, a judgment in a representative action under the Act does not preclude aggrieved employees from later pursuing individual wage and hour, discrimination, or benefits interference claims founded on the same labor code violations. The rationale for this rule is that such claims are individual in nature, deriving from the aggrieved employee's contractual relationship with the defendant. Thus, multiple employees filing individual actions cannot aggregate their wage and hour, discrimination, or benefits claims to satisfy the statutory amount-in-controversy requirement. *See Potrero Hill Cmty. Action Comm. v. Hous. Auth. of the City & Cnty. of S.F.*, 410 F.2d 974, 977–78 (9th Cir. 1969) (holding that common questions of law and fact do not suffice to establish the common and undivided interest necessary to aggregate multiple plaintiffs' claims).

Because Urbino pursues a common and undivided claim in his role as proxy for the State, the district court correctly calculated the amount in controversy based on the aggregate civil penalties sought in this action, and properly determined that the total exceeded $75,000. Therefore, in my view, the district court properly exercised diversity jurisdiction.