Logan **HALLIWELL** and Aaron Sleichter, Plaintiff,

v.

**A–T SOLUTIONS,** Defendant.

Case No. 13–CV–2014–H (KDS).

United States District Court, S.D. California.

Nov. 7, 2013.

---

Paul David Jackson, Law Offices of Paul D. Jackson, San Diego, CA, for Plaintiff.

Brent Caslin, Jenner & Block LLP, Los Angeles, CA, for Defendant.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM SEEKING PENALTIES UNDER THE CALIFORNIA PRIVATE ATTORNEY GENERAL ACT, Cal. Lab. Code §§ 2698 et seq. WITHOUT PREJUDICE

MARILYN L. HUFF, District Judge.

On August 29, 2013, Plaintiffs Logan Halliwell and Aaron Sleichter ("Plaintiffs") filed a complaint against Defendant A–T Solutions ("Defendant") alleging violations of state and federal labor laws during the term of Plaintiffs' employment as Combat Ready Instructors. (Doc. No. 1 "Compl.".) On September 24, 2013, Defendant filed a motion to dismiss or strike Plaintiffs' claim seeking penalties under the California Private Attorneys General Act, Cal. Lab.Code §§ 2698 et seq. (Doc. No. 5.) On October

29, 2013, Plaintiffs filed their opposition to Defendant's motion. (Doc. No. 7.) On November 5, 2013, Defendant filed its reply. (Doc. No. 8.) On November 5, 2013, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the papers. (Doc. No. 9.) For the reasons set forth below, the Court grants Defendant's motion to dismiss Plaintiffs' claim seeking penalties under the California Private Attorney General Act, Cal. Lab.Code §§ 2698 et seq.

### Background

Plaintiff Logan Halliwell alleges that he became an employee of Defendant A–T Solutions in or about August 2011 and was employed there until January 9, 2013. (Compl. ¶ 7.) Plaintiff Aaron Sleichter alleges that he became an employee of A–T Solutions in or about October 2009 and was employed there until the fall of 2012. (*Id.* ¶ 8.) Defendant A–T Solutions is a contractor for the United States Military. (*Id.* ¶ 10.) Defendant employed Plaintiffs as combat ready instructors and assigned them to give instructions to military personnel at various sites in Southern California. (*Id.* ¶ 10.)

Plaintiffs allege that while employed by Defendant, Defendant treated them as exempt employees under state and federal labor laws. (*Id.* ¶ 14.) But Plaintiffs allege that they should have been treated as non-exempt employees and received overtime wages. (*Id.* ¶¶ 14–16.)

On April 24, 2013, Plaintiffs sent a letter to the California Labor Workforce Development Agency ("LWDA") setting forth their allegations regarding Defendants alleged labor code violations. (*Id.* ¶ 17.) On June 20, 2013, the LWDA notified Plaintiffs that it did not intend to investigate the allegations of the April 24, 2013 letter. (*Id.* ¶ 17.)

On May 28, 2013, Plaintiffs and Defendant entered into a tolling agreement that stated the time between May 28, 2013 and July 29, 2013 would not be counted when calculating any limitations periods for the Plaintiffs' claims. (Compl. ¶ 18; Doc. No. 1 Ex. A at 12–14.) On July 24, 2013, the parties extended the tolling agreement through August 28, 2013. (Compl. ¶ 18, Doc. No. 1 Ex. A at 15–16.)

On August 29, 2013, Plaintiffs filed their complaint, asserting individual claims under state and federal law in causes of action 1–6. (Compl. ¶¶ 19–38.) Plaintiffs also asserted a claim seeking penalties under the California Private Attorney General Act ("PAGA"), Cal. Lab.Code §§ 2698 et seq., on behalf of themselves, the state of California, and other employees. (*Id.* ¶¶ 39–42.) In its motion to dismiss, Defendant asserts that a PAGA claim brought in federal court must comply with the class action pleading requirements of Federal Rule of Civil Procedure 23, and that Plaintiffs have not met this burden. (Doc. No. 5–1 at 2.)

### Discussion

**I. Legal Standard For a 12(b)(6) Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The court may dismiss a complaint as a matter of law for: (1) "lack of

cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In deciding a motion to dismiss, the court draws all reasonable inferences in favor of the nonmoving party. *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir.2011) *cert. denied*, —— U.S. ——, 132 S.Ct. 1797, 182 L.Ed.2d 618 (2012).

## II. Whether Rule 23 Applies to PAGA Claims Pursued in Federal Court

Defendant moves to dismiss Plaintiff's claim seeking civil penalties under PAGA. (Doc. No. 5–1 at 2.) Defendant argues that a plaintiff pursuing a representative PAGA claim in federal court must comply with Federal Rule of Civil Procedure 23. (Doc. No. 5–1 at 2). Plaintiffs admit they have not met Rule 23's requirements, but argue that class certification under Rule 23 is not required to maintain a PAGA action in federal court. (Doc. No. 7 at 2–9.)

### A. PAGA's Operation in State Court

■ The California legislature enacted PAGA to "allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations" when the labor law enforcement agencies could not keep pace with the growth of the labor market. *Arias v. Superior Court*, 46 Cal.4th 969, 980, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). Under PAGA, an aggrieved employee must first notify the LWDA of the alleged labor code violations. Cal. Lab.Code § 2699.3. If the LWDA elects not to investigate, the aggrieved employee may bring a civil action against an employer "on behalf of himself or herself and other current or former employees." Cal. Lab.Code § 2699(a); § 2699.3(a)(2)(A). If the employee's claim is successful, 75% of the penalties recovered go to the LWDA, and the remaining 25% go to the aggrieved employees. Cal. Lab.Code § 2699(i).

■ In *Arias v. Superior Court*, the California Supreme Court held that in a state court action, an aggrieved employee suing in a representative capacity under PAGA is not required to satisfy California's class action requirements. 46 Cal.4th at 975, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). The same day it handed down *Arias*, the California Supreme Court also decided *Amalgamated Transit Union, Local 1756, AFL–CIO v. Superior Court*, 46 Cal.4th 993, 95 Cal.Rptr.3d 605, 209 P.3d 937 (2009). In that opinion, the California Supreme Court held that PAGA "does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute . . . ." *Amalgamated*, 46 Cal.4th at 1003, 95 Cal.Rptr.3d 605, 209 P.3d 937.

### B. PAGA's Operation in Federal Court

"[T]he Ninth Circuit has not reached the question of whether or not representative PAGA claims brought in federal court must be certified under Rule 23, and the district courts are split on the issue." *Gallardo v. AT & T Mobility, LLC*, 937 F.Supp.2d 1128, 1137 (N.D.Cal.2013); *compare Ivey v. Apogen Technologies, Inc.*, 11CV366 DMS NLS, 2011 WL 3515936 (S.D.Cal. Aug. 10, 2011) (dismissing PAGA claims for failing to meet Rule 23 requirements), *and Thompson v. APM Terminals Pac. Ltd.*, C 10–00677 JSW, 2010 WL 6309364 (N.D.Cal. Aug. 26, 2010) (same), *with Willner v. Manpower Inc.*, C 11–02846 JSW, 2012 WL 1570789 (N.D.Cal. May 3, 2012) (holding PAGA claims are

distinct from class actions and do not trigger Rule 23), *and Gonzalez v. Millard Mall Servs., Inc.,* 281 F.R.D. 455, 469 (S.D.Cal.2012) (same).

■ In *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010), the Supreme Court held that federal procedural rules trump inconsistent state rules when a case is brought in federal court. Interpreting the Rules Enabling Act, 28 U.S.C. § 2072, the Court stated that "the validity of a Federal Rule depends entirely upon whether it regulates procedure." *Id.* at 410, 130 S.Ct. 1431. The Court then explained that because Congress promulgated Rule 23 under the Rules Enabling Act, it is "valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.*

■ "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal–Mart Stores, Inc. v. Dukes,* ──── U.S. ────, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (internal quotation marks and citation omitted). Rule 23 governs representative class actions, and "Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts.'" *Shady Grove,* 559 U.S. at 400, 130 S.Ct. 1431 (emphasis in original) (quoting Fed. R.Civ.P. 1). "Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law." *Marlo v. United Parcel Serv., Inc.,* 639 F.3d 942, 947 (9th Cir.2011) (citing *Shady Grove,* 559 U.S. at 397–98, 130 S.Ct. 1431).

■ Thus, the question before the Court is whether a PAGA action is a type of representative action that falls within the ambit of Rule 23. If so, then the certification requirements of Rule 23 apply. *Thompson,* 2010 WL 6309364, at *2. A

failure to meet the Rule 23 certification requirements will result in the dismissal of a plaintiff's claim, even if a plaintiff would otherwise have a viable claim in state court. *Fields v. QSP, Inc.,* CV 12–1238 CAS PJWX, 2012 WL 2049528, at *5 (C.D.Cal. June 4, 2012).

■ As in a class action, PAGA actions are brought by an individual who represents not just his or her own interest, but also the interests of other unnamed parties sharing the same grievance. *Fields,* 2012 WL 2049528, at *5 (citing Cal. Lab.Code § 2699(a)). Plaintiffs argue that when an individual brings a PAGA claim, he or she is representing the State of California, and therefore that PAGA actions are not akin to class action representative actions. (Doc. No. 7 at 7.)

■ However, the Ninth Circuit cast doubt upon the notion that PAGA claims represent "the state's collective interest in enforcing its labor laws through PAGA," in *Urbino v. Orkin Services of California, Inc.,* 726 F.3d 1118, 1122 (9th Cir.2013). That case concerned the aggregation of claims, under the auspice of PAGA, to satisfy the amount in controversy requirement for diversity jurisdiction. *Id.* The Ninth Circuit held that under PAGA, the wage and hour claims of aggrieved employees are held individually, not as a group or by the state as a collective interest. *Id.* Therefore, a plaintiff who launches a PAGA claim does so not as a representative of the state, but as one of a number of aggrieved employees, all of whom retain their individual claims against the employer. *Id.*

■ "As such, [PAGA] is a procedural mechanism by which litigants may recover for absent plaintiffs, akin to a class action." *Fields,* 2012 WL 2049528, at *5. Federal Rule of Civil Procedure 23 governs all representative claims brought in

federal court, even if the underlying individual claims arise under state law. *Marlo,* 639 F.3d at 947. Applying the rationale of *Marlo,* 639 F.3d at 947, the Court grants Defendant's motion to dismiss Plaintiffs' claim seeking penalties under PAGA without prejudice.[1] (*See* Doc. No. 7 at 2.)

### Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiffs' claim seeking penalties under PAGA without prejudice. The Court grants Plaintiffs 30 days from the date of this order to file an amended complaint and cure the noted deficiencies, if they are so able.

IT IS SO ORDERED.

---

1. Upon dismissal, a court should grant leave to amend "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir.2011) (citing *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296–97 (9th Cir.1990)).