**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL CHAVEZ,

        Plaintiff-Appellant,

  v.

TIME WARNER CABLE, LLC; TIME
WARNER ENTERTAINMENT
COMPANY, LP; TIME WARNER CABLE
SHARED SERVICES; DOES, 1 to 100,
inclusive,

        Defendants-Appellees.

No.   16-56067

D.C. No.
2:12-cv-05291-RGK-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 7, 2018[**]
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[***] Chief
District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

Plaintiff-Appellant Michael Chavez appeals the district court's grant of summary judgment to Time Warner Cable, LLC, Time Warner Entertainment Company, LP, and Time Warner Cable Shared Service (collectively "Defendants") in this dispute over alleged violations of California's Labor Code. Chavez's arguments fall in two categories. First, he argues that the district court improperly exercised diversity jurisdiction in this case. Second, he argues the district court erred in granting Defendants' summary judgment motion on the substance of his overtime, late wage payments, and inaccurate wage statements claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.      This court reviews the existence of subject matter jurisdiction *de novo*. *See Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1311 (9th Cir. 1997) (*per curiam*). Chavez's argument that the district court could not exercise diversity jurisdiction in this case fails. First, California's presence as a real party in interest to Chavez's Private Attorney General Act of 2004 ("PAGA") claim does not destroy the diversity between the parties. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013) ("The state, as the real party in interest, is not a 'citizen' for diversity purposes.") (citation omitted).

Second, the record does not compel holding that the district court clearly erred in finding that Chavez's asserted damages of $53,250, in addition to the attorney's fees Chavez sought, which were permitted by statute and Defendants

2

estimated to be $30,000, exceeded the $75,000 amount in controversy requirement. 28 U.S.C. § 1332(a); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (noting that it is defendant's burden to establish that the amount in controversy has been met); *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998) (stating that this court reviews the district court's findings of fact relevant to subject matter jurisdiction for clear error); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (holding that attorney's fees can be counted toward the amount in controversy requirement when a statute allows such fees).

Finally, even though Defendants removed the case just over a year after Chavez commenced this lawsuit in state court, Defendants timely removed the case to federal court. 28 U.S.C. § 1446(c)(1). Chavez's argument that an interrogatory response he provided Defendants put Defendants on notice that they had to remove the case to federal court fails because, on its face, the interrogatory response did not clearly state that the amount in controversy exceeded $75,000. 28 U.S.C. § 1446(b)(3); *see Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Further, the district court did not clearly err in determining that Chavez's counsel acted in bad faith by waiting over a year to file the statutorily required notice with California's Labor and Workforce Development Agency ("LWDA"), which is a prerequisite to filing suit under PAGA. 28 U.S.C. § 1446(c)(1); *see also*

3

*Tedford v. Warner-Lambert*, 327 F.3d 423 (5th Cir. 2003); *Tucson Airport Auth.*, 136 F.3d at 644 (stating that this court reviews the district court's findings of fact relevant to subject matter jurisdiction for clear error). Therefore, the district court did not err in making a finding of bad faith and tolling the time for Defendants to remove the case to federal district court. 28 U.S.C. § 1446(c)(1).

2.      Chavez's arguments related to the district court's grant of Defendants' motion for summary judgment also fail. The record supports the finding that Chavez was an "outside salesperson" because he spent more than fifty percent of his time on sales activities, which means he was exempt from California's overtime laws. *See Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 789 (1999) ("Labor Code section 1171 expressly excludes from the overtime laws employees who are 'outside salespersons,' and the California Industrial Welfare Commission (IWC), the agency charged with implementing section 1171, defined the term 'outside salesperson' in Wage Order No. 7-80, as someone who 'regularly works more than half the working time' engaged in sales activities outside the workplace."). His overtime claim therefore fails.

As to Chavez's claim that Defendants violated Cal. Lab. Code § 204 by paying his non-salary compensation on a monthly basis, this argument fails because the record reflects that Chavez's non-salary compensation based on his performance was determined on a monthly basis pursuant to Defendants' Multiple

4

Dwelling Unit ("MDU") Concierge Sales Representative Compensation Plan. Such agreements are permitted under California law and do not offend § 204. *See Peabody v. Time Warner Cable, Inc.*, 328 P.3d 1028, 1032 (Cal. 2014); *see also Koehl v. Verio, Inc.*, 142 Cal.App.4th 1313, 1335 (2006).

Lastly, Chavez's inaccurate wage statement claim under Cal. Lab. Code § 226(a) also fails because § 226(a) does not apply to him as an "outside salesperson." Cal. Lab. Code § 226(j)(2)(B); *see Peabody v. Time Warner Cable, Inc.* 689 F.3d 1134, 1136 (9th Cir. 2012).

**AFFIRMED**.