NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHAN JOHNSON, | No. 23-35222 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00053-KLD |
| v. | |
| MID-CENTURY INSURANCE COMPANY; JOHN DOES A-D, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted February 7, 2024
Portland, Oregon

Before: McKEOWN, BYBEE, and BRESS, Circuit Judges.

Seeking uninsured motorist (UIM) benefits under state law, Stephan Johnson

sued his automobile insurer, Mid-Century Insurance Company (Mid-Century), in

Montana state court. Mid-Century removed the case to federal court based on

diversity jurisdiction. The magistrate judge denied Johnson's motion to remand and

dismissed his complaint under Rule 12(b)(6). Johnson appeals. "We review *de novo*

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

a district court's determination that diversity jurisdiction exists." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). Because diversity jurisdiction does not exist here, we vacate the district court's dismissal order and remand with instructions to remand this case to state court.

"A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)). Federal courts have diversity jurisdiction under 28 U.S.C. § 1332 when there is "complete diversity among the parties and an amount in controversy in excess of $75,000." *Id.* The only question in this case is whether the amount in controversy requirement is met.

"Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* (quoting *Gonzales*, 840 F.3d at 648–49). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of

removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* But "[c]onclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003)).

In the course of this litigation, Mid-Century has offered three theories for how the amount in controversy exceeds $75,000. These theories fail to establish the jurisdictional threshold by a preponderance of the evidence.

*First*, Mid-Century has not shown that Johnson's anticipated attorney's fees, when aggregated with the $35,000 that Johnson seeks in UIM coverage, will more likely than not exceed $75,000. In the court below, Mid-Century argued that $50,000 was a reasonable estimate of the attorney's fees to which Johnson would be entitled if he prevailed. But as the magistrate judge correctly concluded, Mid-Century adduced no "summary-judgment-type evidence" to demonstrate the accuracy of that figure. *See Chavez*, 888 F.3d at 416. The magistrate judge thus properly concluded that Johnson's reasonable attorney's fees could not be expected to exceed the $14,000 set forth in Johnson's contingency fee agreement with his counsel.

The magistrate judge erred, however, in concluding that Johnson's common fund attorney's fees, when aggregated with the $14,000 in personal attorney's fees

3

and $35,000 in UIM coverage, meet the jurisdictional threshold. In his complaint, Johnson requested the creation of a common fund "as to all similarly situated Mid-Century insureds who were injured within eight years before [his] suit . . . and were denied stacking UIM coverage pursuant to Endorsement MT028." The magistrate judge permissibly assumed that Johnson's common fund claim was viable, and then further assumed that (1) at least eight plaintiffs could participate in the fund, (2) each plaintiff could recover at least $35,000 in unstacked coverage from the fund, and (3) Johnson's attorney would be entitled to 10% of the total.

This reasoning is insufficient because Mid-Century did not bring forward proof of these figures sufficient to meet its "obligation to prove future attorneys' fees by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). Based on a fair reading of Johnson's complaint, potential common fund claimants could only benefit from a decision invalidating Endorsement MT028 insofar as they live in Montana, have multiple Mid-Century policies, and have suffered sufficient damages to require cross-policy stacking of coverage. But Mid-Century failed to produce any evidence as to how many of its insureds meet this description, or the contract damages those insureds could theoretically be owed. Thus, even assuming 10% is a reasonable estimate of the attorney's fees Johnson's attorney could recover from the fund, Mid-Century did not show that those fees would exceed the jurisdictional threshold when combined with

4

the previously noted $35,000 in UIM coverage and $14,000 in personal attorney's fees. Removal on the basis of common fund attorney's fees—which Mid-Century does not defend on appeal—was therefore inappropriate.

*Second*, and even assuming Mid-Century did not forfeit this argument by failing to raise it below, Mid-Century did not establish by a preponderance of the evidence that the cost of a declaratory judgment in this case would exceed $75,000. "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Mid-Century contends that, because Endorsement MT028 is used in nearly 37,000 policies throughout Montana, Johnson's request that it be declared "voidable as illusory coverage against public policy" would, if successful, have a "significant impact" on Mid-Century that is "well in excess of $75,000."

Mid-Century's argument rests on an overbroad reading of Johnson's complaint. Fairly considered, Johnson's complaint does not seek to invalidate Endorsement MT028 across the board, but only when it provides allegedly "illusory coverage" because a claimant holds more than one Mid-Century policy and purports to have paid premiums under each. For Mid-Century to demonstrate the "pecuniary result" of such declaratory relief, it would again need to come forward with evidence about the number of Mid-Century insureds in Montana who are similarly situated to

5

Johnson. Mid-Century has not provided that information. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

*Third*, Mid-Century argues that the amount in controversy is satisfied by aggregating the potential contract damages claims of all common fund plaintiffs. Generally, the claims of multiple plaintiffs may not be aggregated for determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001). There is an exception to this rule for plaintiffs who "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Here, all relevant insureds potentially affected by Endorsement MT028 have "suffer[ed] a unique injury" that "can be redressed without the involvement of other" claimants. *Urbino*, 726 F.3d at 1122. Their claims are thus not aggregable for purposes of the amount in controversy.

Because we conclude that the district court lacked subject matter jurisdiction, we do not reach Johnson's substantive arguments on Montana insurance law. We vacate the district court's order with directions to remand this case to state court. The parties shall bear their own costs on appeal.[1]

**VACATED AND REMANDED.**

---

[1] Johnson's motion to supplement the record on appeal is denied.