**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILIANA CANELA, individually and on behalf of all others similarly situated,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br>*Defendant-Appellant.* | No. 18-16592<br><br>D.C. No.<br>5:13-cv-03598-BLF<br><br>ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted January 6, 2020
San Francisco, California

Filed July 9, 2020
Amended August 21, 2020

Before: J. Clifford Wallace and Michelle T. Friedland,
Circuit Judges, and Timothy Hillman,[*] District Judge.

Order;
Opinion by Judge Wallace

---

[*] The Honorable Timothy Hillman, United States District Judge for
the District of Massachusetts, sitting by designation.

## SUMMARY[**]

### Diversity Jurisdiction / Class Action Fairness Act

The panel vacated the district court's summary judgment with instructions to remand to state court because the district court lacked subject matter jurisdiction at the time the action was removed to federal court.

Plaintiff, a Costco Wholesale Corporation employee, filed a state class action complaint alleging that Costco violated California Labor Code § 1198 by failing to provide her and other employees suitable seating. Plaintiff's only claim arose under California's Private Attorney General Act ("PAGA"). Costco removed the case to federal court based on the federal diversity statute, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA").

Concerning traditional diversity jurisdiction, the panel held that the amount in controversy did not meet the statutory threshold at the time of removal. Because the named plaintiff's pro-rata share of civil penalties, including attorney's fees, totaled $6,600 at the time of removal, and the claims of other employees could not be aggregated with hers under *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), the requisite $75,000 jurisdictional threshold was not met. Accordingly, the district court lacked diversity jurisdiction at the time of removal.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court also lacked subject matter jurisdiction under CAFA because plaintiff's stand-alone PAGA lawsuit was not, and could not have been, filed under a state rule similar to Rule 23 of the Federal Rules of Civil Procedure. The panel held that the holding in *Baumann v. Chase Investment Services Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014), that "PAGA actions are [] not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction," controlled the outcome of this appeal. The panel rejected Costco's argument that because the named plaintiff originally sought class status in her complaint, her case was filed as a class action within the meaning of CAFA. The panel also rejected Costco's argument that the decisions in *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014), and *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027 (9th Cir. 2014), compelled a different result.

---

**COUNSEL**

Kiran Aftab Seldon (argued), David D. Kadue, James M. Harris, and Emily Schroeder, Seyfarth Shaw LLP, Los Angeles, California; William J. Dritsas, Seyfarth Shaw LLP, San Francisco, California; for Defendant-Appellant.

Michael Rubin (argued) and Andrew Kushner, Altshuler Berzon LLP, San Francisco, California; Kevin J. McInerney, Reno, Nevada; for Plaintiff-Appellee.

Richard J. Simmons, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; Paul S. Cowie and John D. Ellis, Sheppard Mullin Richter & Hampton LLP, San Francisco, California; for Amici Curiae Employers Group and California Employment Law Council.

**ORDER**

The opinion in *Canela v. Costco Wholesale Corporation*, 965 F.3d 694 (9th Cir. 2020), is amended as follows:

Page 697, final sentence:

> **Replace** <Removal is to be "strictly construed," and a "defendant seeking removal has the burden to establish that removal is proper," with "any doubt . . . resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted).> **with** <A "defendant seeking removal has the burden to establish that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).>

The panel has unanimously voted to deny the petition for panel rehearing. Judge Friedland voted to deny the petition for rehearing en banc, and Judge Wallace and Judge Hillman so recommend. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**. No further petitions for panel rehearing or rehearing en banc will be considered.

## OPINION

WALLACE, Circuit Judge:

Costco Wholesale Corporation appeals from the district court's summary judgment in favor of Liliana Canela. We have appellate jurisdiction under 28 U.S.C. § 1292(b). Because the district court lacked subject matter jurisdiction at the time of removal, we vacate the district court's summary judgment with instructions to remand the case to state court.

## I.

Costco is a nationwide retail chain that sells merchandise and offers services to registered members. To verify that those entering its warehouses are members, Costco hires greeters to stand near the entrance where customers display their membership card. Costco also hires exit checkers to stand near the exit and check customers' purchases against their receipts. Costco classifies its greeters and exit checkers as "member service" employees.

Canela worked as a greeter and exit checker at two of Costco's warehouses in California. She sued Costco in a state trial court in California, alleging that Costco had violated California Labor Code section 1198 by failing to provide her and other member service employees who worked as greeters and exit checkers with "suitable seat[ing]" under section 14 of California's Wage Order 7-2001. Cal. Code Regs. tit. 8 § 11070. Because a violation of Labor Code section 1198 confers a cause of action under California's Private Attorneys General Act of 2004 (PAGA), Canela's only claim arises under PAGA. Cal. Labor Code § 2698. Canela's Complaint said "Class Action Complaint"

on its cover page and included references to the lawsuit as a class action.

Relying on both the federal diversity statute, *see* 28 U.S.C. § 1332(a), and the Class Action Fairness Act of 2005 (CAFA), *see id.* § 1332(d), Costco removed the case to federal court.

About a year later, Canela notified the district court that she no longer planned to seek class status. Canela suggested that the district court lacked jurisdiction because her PAGA claim was always a "representative action" and could have never been brought as a "class action" under CAFA. In light of Canela's submission, the district court ordered the parties to brief the issue of its jurisdiction. Because Canela had denominated her lawsuit as a "class action" and had sought class status on her PAGA claim as of the time the case was removed from state court, the district court concluded that it had retained CAFA jurisdiction even though Canela had later decided not to pursue class certification.

Costco then moved for partial summary judgment, contending that without a certified class, Canela lacked Article III standing to represent absent aggrieved employees and could not represent absent "aggrieved employees" under Federal Rule of Civil Procedure 23. The district court denied Costco's motion.

Costco swiftly moved to certify an interlocutory appeal under 28 U.S.C. § 1292(b), raising two questions: (1) "Whether, absent class certification, a PAGA plaintiff in federal court has Article III standing to represent absent aggrieved employees[?]" and (2) "Whether a PAGA plaintiff in federal court can represent absent aggrieved employees without qualifying for class certification under Rule 23[?]" *Canela v. Costco Wholesale Corp.*, No. 13-cv-03598-BLF,

2018 WL 3008532, at *1 (N.D. Cal. June 15, 2018). Concluding that they presented controlling issues of law over which there was a substantial ground for difference in opinion, the district court certified both questions. *Id.* at *4. We agreed and granted Costco permission to appeal. Costco timely appealed.

## II.

"Section 1292(b) authorizes appeals from orders, not questions, so 'our review of the present controversy is not automatically limited solely to the question deemed controlling by the district court.'" *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014), *quoting In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). The district court's order on its jurisdiction led to and was discussed in the district court's summary judgment from which Costco now appeals. Because the district court's subject matter jurisdiction is "*material*" to the summary judgment before us, we address it here. *In re Cinematronics, Inc.*, 916 F.2d at 1449 (citation omitted; emphasis in original). We must do so before we may turn to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). To that end, we ordered the parties to submit briefing on the jurisdictional question.

"We review de novo a district court's denial of a motion to remand to state court for lack of federal subject matter jurisdiction." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (citation omitted). We review the "construction, interpretation, or applicability" of CAFA de novo. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (citation omitted). A "defendant seeking removal has the burden to establish that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *see also*

*Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

## III.

In removing the case, Costco invoked two independent bases for federal subject matter jurisdiction: diversity under section 1332(a) and CAFA jurisdiction. We address each in turn.

## A.

Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Where, as here, "a plaintiff's state court complaint does not specify a particular amount of damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the threshold at the time of removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

We hold that the amount in controversy did not meet the statutory threshold at the time of removal. Our decision in *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), controls.

In *Urbino*, the plaintiff employee had brought a representative PAGA cause of action in state court. *Id.* at 1121. The defendants removed the case to federal court, submitting evidence that the alleged labor code violations involved over 800 other employees and over 17,000 paychecks, thereby establishing that the aggregated claims exceeded $75,000. *Id.* If the claims could be aggregated among all employees with potential claims, the civil penalties for the alleged violations exceeded $9,000,000,

well above the $75,000 threshold. *Id.* However, with no aggregation, the action fell short of the $75,000 threshold because the named plaintiff's pro rata share was only a little over $11,000. *Id.*

The question before us was therefore whether the penalties of all employees could be aggregated to satisfy the amount in controversy requirement. *Id.* We concluded that PAGA civil penalties could not be aggregated for this purpose, and therefore that the district court lacked diversity jurisdiction. *Id.* at 1122–23.[1]

For the same reason, diversity jurisdiction is lacking here. In its Notice of Removal, Costco said that the 968 employees collectively sought $5,324,000 in civil penalties. Costco also said that it could be liable for $1,064,800 in attorney's fees. Because Canela's pro-rata share of civil penalties, including attorney's fees, totaled $6,600 at the time of removal, and the claims of *other* member service employees may not be aggregated under *Urbino*, the $75,000 jurisdictional threshold was not met. *See id.* at 1122; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (explaining that we consider a successful party's pro rata share of attorney's fees in assessing whether her claim meets the jurisdictional threshold).[2] Thus, the district court lacked diversity jurisdiction at the time of removal.

---

[1] We were also unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen. *Id.* at 1123. Because the amount-in-controversy requirement was not satisfied here, we do not address the issue of whether the parties are completely diverse.

[2] Our logic in *Gibson* extends to this case. Like the statute at issue in *Gibson*, PAGA does not provide that attorney's fees may only be

**B.**

We next turn to the question whether the district court had CAFA jurisdiction. CAFA "relaxed" the diversity requirements for putative class actions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Under CAFA, federal courts have jurisdiction over a "class action" when the parties are minimally diverse, *i.e.*, any member of a class of plaintiffs is a citizen of a state different from that of any defendant, and the amount in controversy exceeds $5,000,000, *see* 28 U.S.C. § 1332(d)(2)(A), and when the proposed class has at least 100 members, *see id.* § 1332(d)(5)(B).

The proposed "class" here is made up of at least 100 members and Canela's citizenship (California) is diverse from Costco's (Washington). Although the parties dispute whether the amount in controversy exceeded $5,000,000 at the time of removal, *see* 28 U.S.C. § 1332(d)(6), we need not resolve that issue here, because we hold that the Complaint was not filed as a "class action" under CAFA.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

---

awarded to the representative who files the suit. *Compare* Cal. Civ. Proc. Code § 1021.5 (providing that "a court may award" attorney's fees "*to a successful party*" (emphasis added)), *with* Cal. Lab. Code § 2699(g)(1) (providing that "*[a]ny employee who prevails* in any action" shall be entitled to reasonable attorney's fees (emphasis added)). And like the statute at issue in *Gibson*, California courts have not treated only the representative or named plaintiff as a prevailing party. *See Gibson*, 261 F.3d at 942; *Arias v. Superior Court*, 209 P.3d 923, 933 (Cal. 2009) (explaining that a PAGA judgment "is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding").

an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Because Canela sued in California state court, the suit was not "filed under Rule 23 of the Federal Rules of Civil Procedure." *Id.* The only issue before us is whether Canela filed her PAGA cause of action under a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.*

In resolving this issue, we do not write on a clean slate. We have observed that there is "no ambiguity in CAFA's definition of class action." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011). If Congress had "intended CAFA to apply to any representative actions demonstrating sufficient similarity to class actions under Rule 23, it would not have also included an explicit requirement that the suit be brought 'as a class action.'" *Id.*, *quoting* 28 U.S.C. § 1332(d)(1)(B). Applying the plain meaning of CAFA, we have held that *parens patriae* suits are not "class actions" when they "lack statutory requirements for numerosity, commonality, typicality, or adequacy of representation that would make them sufficiently 'similar' to actions brought under Rule 23, and [other] certification procedures." *Id.* at 850.

CAFA therefore requires "that the state statute authorize the suit 'as a class action'" and that the suit meet "the central requirements of class actions." *Id.* Although "suits [that] lack the defining attributes of true class actions" may be "representative actions," they are not "class actions" under CAFA. *Id.* at 848, 850.

We expounded on this language a few years later in *Baumann*. 747 F.3d 1117 (9th Cir. 2014). We explained that a state statute or rule is similar to Rule 23 if it "closely resembles" it "or is like Rule 23 in *substance or in*

*essentials.*"  *Id.* at 1121, *quoting W. Va. ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011) (emphasis added).

Our holding in *Baumann* that "PAGA actions are [] not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction" controls the outcome of this appeal.  *Id.* at 1122. In reaching this conclusion, we explained exactly why PAGA causes of action were nothing like Rule 23 class actions.

We observed that in a PAGA suit, "the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees— critical requirements in federal class actions  . . . ." *Id.*(citations omitted).   In addition, "unlike Rule 23(a), PAGA contains no requirements of numerosity, commonality, or typicality."  *Id.* at 1123, *citing Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 216–17 (2d Cir. 2013) (holding that the suit was not filed as a "class action" under CAFA because it contained none of the "hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification"); *CVS Pharmacy, Inc.*, 646 F.3d at 175– 76 (same).

We also explained that unlike the due process protections afforded to putative class members under Rule 23, "PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action."  *Baumann*, 747 F.3d at 1122.   As a result, the preclusive effect of PAGA judgments differs from that of class action judgments in two important ways.  *Id.*

First, unlike a class action, a judgment from a PAGA suit "binds all those, including nonparty aggrieved employees,

who would be bound by a judgment in an action brought by the government." *Arias*, 209 P.3d at 933. So, "with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under" PAGA, without an opportunity to opt out. *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 147 (Cal. 2014).

Second, unlike class action judgments that preclude all claims the class could have brought under traditional res judicata principles, employees retain all rights "to pursue or recover other remedies available under state or federal law" in PAGA judgments. *Baumann*, 747 F.3d at 1123, *quoting* Cal. Lab. Code § 2699(g)(1). Because non-party aggrieved employees in PAGA suits are "not given notice of the action or afforded any opportunity to be heard," they are not "bound by the judgment as to remedies other than civil penalties." *Arias*, 209 P.3d at 934, *citing Taylor v. Sturgell*, 553 U.S. 880, 900–01 (2008)).

We also highlighted the different remedial schemes that exist in Rule 23 class actions and PAGA suits. "In class actions, damages are typically restitution for wrongs done to class members." *Baumann*, 747 F.3d at 1123. In contrast, PAGA suits "primarily seek to vindicate the public interest in enforcement of California's labor law." *Id.* (citations omitted). While 75 percent of the recovered civil penalties in a PAGA action is distributed to the Labor and Workforce Development Agency (Agency), only 25 percent is allocated among aggrieved employees. *Id.* at 1121, *citing* Cal Lab. Code § 2699(i). The portion of civil penalties reserved for aggrieved employees is not "restitution for wrongs done to members of the class" and "does not reduce any other claim that the employee may have against the employer." *Id.* at 1123. Instead, it is an "incentive to perform a service to

the state."[3]  *Id.*  PAGA is therefore a "type of *qui tam* action" in which the "government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." *Iskanian*, 327 P.3d at 148 (citation omitted).[4]

Costco attempts to distinguish *Baumann* because the complaint there, unlike the one here, "did not invoke the California class action statute." *Baumann*, 747 F.3d at 1121. In Costco's view, because Canela originally sought class status in her Complaint, her suit was filed as a "class action" under CAFA.

We recognize that Canela titled her Complaint "Class Action Complaint for Violations of the Private Attorneys General Act of 2004."  In the caption page, Canela also referred to the Complaint as "a class and representative

---

[3] This incentive is not awarded exclusively to the employee who files the suit.  Instead, it is allocated among the aggrieved employees. *See Williams v. Superior Court*, 398 P.3d 69, 79 (Cal. 2017) (explaining that PAGA "deputiz[es] employees harmed by labor violations to sue on behalf of the state and collect penalties, to be shared with the state and other affected employees"); *Iskanian*, 327 P.3d at 148 ("The PAGA conforms to [the] traditional criteria [of a *qui tam* action] except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation."); Cal Lab. Code § 2699(i) (providing that "[c]ivil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the . . . Agency . . . and 25 percent to the *aggrieved employees*" (emphasis added)); *see also Moorer v. Noble L.A. Events, Inc.*, 244 Cal. Rptr. 3d 219, 224 (Ct. App. 2019) (interpreting *Iskanian* and *Williams* to stand for the proposition that fees should be allocated among aggrieved employees on a pro rata basis).

[4] We highlighted the fundamental differences between a PAGA claim and a Rule 23 action again the following year.  *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015).

action."  The footer of her Complaint refers to the document as a "Class Action Complaint."

We also acknowledge that Canela suggested that the nature of her lawsuit was a "class action."  In her Complaint, Canela stated that she sued "individually and on behalf of all others similarly situated" as "a class action . . . for the recovery of civil penalties . . . pursuant to" PAGA.  Canela claimed to represent a putative "class" of all "employees of Costco who . . . within the applicable period . . . have been designated as member service and have, within California, been assigned to work either as a greeter or as an exit checker, and were not provided with a seat."  Canela also alleged that her proposed class satisfied the requirements of a class in California.

But these labels and allegations do not transform her PAGA cause of action into one filed under a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  The plain meaning of CAFA precludes the formalistic test that Costco asks us to adopt here.

We declined to adopt a formalistic test in *Chimei*.  We explained that "it is not only that *parens patriae* suits are not 'labeled class actions,' it is that they *also lack statutory requirements for numerosity, commonality, typicality, or adequacy of representation that would make them sufficiently 'similar' to actions brought under Rule 23 . . . .*" *Chimei*, 659 F.3d at 850 (emphasis added).  Thus, for a case to be removable under CAFA, the "state action must be filed under a statute that . . . authorizes an action 'as a class action.'"  *Id.* at 849, *quoting* 28 U.S.C. § 1332(d)(1)(B).

We also rejected a formalistic test in *Baumann*. We held there that the PAGA statute was not a state statute similar to Rule 23 after evaluating its "substance and essentials." *Baumann*, 747 F.3d at 1121. Because "a PAGA suit is fundamentally different than a class action" *id.* at 1123, *quoting McKenzie v. Fed. Express Corp.*, 765 F. Supp. 2d 1222, 1233 (C.D. Cal. 2011), and "Rule 23 and PAGA are more dissimilar than alike," *id.* at 1124, a PAGA cause of action is not authorized as a "class action" under CAFA.

Both holdings comported with the proper "statutory construction" of CAFA. *Id.*; *Chimei*, 659 F.3d at 847. To hold otherwise would, "for CAFA jurisdictional purposes . . . exalt form over substance," which the Supreme Court has instructed us not to do. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

Costco argues that the United States Supreme Court's decision in *Mississippi ex rel. Hood v. AU Optronics Corporation*, 571 U.S. 161 (2014), and our decision in *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027 (9th Cir. 2014), compel a different result. We disagree.

In *AU Optronics*, the Supreme Court resolved the different question whether a lawsuit filed by a state was a "mass action" under CAFA even though the claim was based on injuries suffered by citizens who were not named plaintiffs. *AU Optronics Corp.*, 571 U.S. at 164, *quoting* 28 U.S.C. §1332(d)(11)(B)(i). The Supreme Court held that it was not, interpreting CAFA's text as requiring a "mass action" to be brought by 100 or more named plaintiffs. *Id.* at 169–76. Because the State of Mississippi was the only named plaintiff, the action was not filed as a "mass action" under CAFA. *Id.*

*AU Optronics* did not address the district court's and court of appeal's separate "determination that Mississippi's suit is not a 'class action' under CAFA" because that determination was never challenged. *Id.* at 167 & n.2. In fact, the Supreme Court distinguished between the "two types of cases" included in CAFA. *See id.* at 165 (observing that, for purposes of CAFA, "class action" is defined in section 1332(d)(1)(B) and "mass action" is defined in section 1332(d)(11)(B)(i)). The Supreme Court rejected the argument that the case was filed as a "mass action" because it was "'similar to a class action' such that it should be removed[,]" as that view "fail[ed] to recognize this key distinction" between a "mass action" and a "class action." *Id.* at 173. *AU Optronics* therefore says nothing about the meaning of a "class action" under CAFA.

Nor does the reasoning in *AU Optronics* support Costco's theory here. In holding that the case was not a "mass action," the Court primarily relied on the statutory text of CAFA. *Id.* at 168–74. By contrast, the plain meaning of a "class action" under CAFA requires that a state cause of action be authorized as a "class action" under state law.

We acknowledge that *AU Optronics* rejected an inquiry into the "substance of the action," and instead selected one that looks "only at the labels that the parties may attach." *Id.* at 174, *quoting La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008), *abrogated by AU Optronics Corp.*, 571 U.S. at 174. However, that rationale has no significance here.

To begin with, the plain meaning of "class action" under CAFA controls, even if a conflicting "background principle" would otherwise apply. *Id.* Consistent with the statutory text, we evaluate the "substance and essentials" when

deciding whether a state cause of action is filed under a state law similar to a "class action" under CAFA.

The "background principle" that the Supreme Court discussed in *AU Optronics*—that the "real party in interest inquiry identifies what party's (or parties') citizenship should be considered in determining diversity," *id.* at 175—does not apply here. The question here is not whether the parties are minimally diverse. There is no dispute that they are. Instead, we are asked to decide whether this stand-alone PAGA lawsuit was filed under a state rule or statute similar to Rule 23. For the reasons we outlined in *Baumann*, we conclude that it was not.**[5]**

We are also not persuaded by Costco's suggestion that our decision in *HSBC Bank* affects our analysis. We held there that a complaint that disclaimed class status was not filed as a suit similar to a class action. 761 F.3d at 1042. We declined to "ignore [the class] disclaimers and transmogrify the[] suits into class actions." *Id.* at 1039.

In explaining this point, we said that the "appropriate inquiry is . . . whether a complaint seeks class status." *Id.* at 1040. We also said that "a plaintiff files a class action for CAFA purposes by invoking a state class action rule, regardless of whether the putative class ultimately will be

---

**[5]** Before the Supreme Court decided *AU Optronics*, we had already departed from the Fifth Circuit's holding, concluding that a state suit was not filed as a "mass action" under CAFA because the real party in interest was the only named party—the State of Nevada. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 671–72 (9th Cir. 2012). Before turning to the "mass action" provision of CAFA, we held that the attorney general enforcement action was not a "class action" under CAFA. *Id.* at 667. In so doing, we treated the two classes of cases in CAFA as the separate provisions that they are. We follow the same framework here.

certified." *Id.*, *quoting United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010)). Costco interprets this language to suggest that what matters is whether a plaintiff formally makes class allegations. We disagree.

It is clear that, in context, we meant to convey the point that a cause of action filed as and authorized as a class action under state law is a "class action" under CAFA, even if, after discovery or litigation of the class certification question, the cause of action might not be certifiable. Here, though, the question is whether a PAGA cause of action could have ever, as a matter of law and without any need for discovery into the facts, been filed as a class action. On the face of the Complaint, we hold that it could not have been.

The cases on which we relied in the course of making these observations confirm this reading. We cited *United Steel*, in which we discussed whether "post-filing developments . . . defeat jurisdiction if jurisdiction was properly invoked as of the time of filing," and not whether deficiencies with the complaint could do so. 602 F.3d at 1091–92. We also relied on the proposition in *Baumann* that because "the plaintiff's complaint was brought under PAGA, a statute not similar to Rule 23, *it was irrelevant that the action might later be converted to a class action if removed.*" *HSBC Bank*, 761 F.3d at 1040, *quoting Baumann*, 747 F.3d at 1124 (emphasis added).

But our holding here is wholly consistent with the principle that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam). We therefore reject Costco's argument to supplant our

substantive test with one that considers only the formal labels and allegations in a complaint.**[6]**

Costco next argues that even if we were to consider the "substance and essentials" of Canela's PAGA claim, we ought to hold that there is CAFA jurisdiction because a PAGA cause of action *could* be brought as a class action in California. Costco relies on *Arias v. Superior Court*, in which the California Supreme Court suggested that PAGA causes of action could possibly be brought as class actions. *See* 209 P.3d at 930 n.5. We disagree.

The *Arias* footnote on which Costco relies is dicta. In *Arias*, which was decided soon after PAGA was enacted, the California Supreme Court held that a PAGA cause of action *need not* be brought as a class action. *Id.* at 930. In a footnote, the California Supreme Court said that PAGA actions "may be brought as class actions." *Id.* at 930 n.5. In support of this proposition, the California Supreme Court cited *Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572, 583–84 (Ct. App. 2008). However, *Amaral* had proceeded as a class action without the parties' or California's intermediate appellate court's addressing whether the PAGA claim could be brought as a class action. *Id.* In context, the *Arias* footnote was an observation that parties had been filing PAGA claims as class actions, rather than a pronouncement that PAGA claims could actually be brought as class actions.

---

**[6]** The Sixth Circuit also recently rejected a purely formalistic inquiry in interpreting the class action provision of CAFA. *See Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 837 (6th Cir. 2020).

But even if the footnote in *Arias* left open the question whether there is such a thing as a PAGA class action, the California Supreme Court has since definitively rejected that view. In *Kim v. Reins International California, Inc.*, 459 P.3d 1123 (Cal. 2020), the California Supreme Court addressed whether "aggrieved employees" lose standing to pursue a PAGA cause of action after settling their individual claims for Labor Code violations. *Id.* at 1126–27. *Kim* held that the settlement and dismissal of individual Labor Code claims did not strip an employee of standing to bring a PAGA claim as an authorized representative of the State of California. *See id.* In reaching this conclusion, *Kim* emphasized that a PAGA cause of action cannot be a class action. *Id.* at 1130.

Looking first at the statutory text, *Kim* observed that "PAGA standing is not inextricably linked to the plaintiff's own injury." *Id.* Examining the statutory purpose, *Kim* confirmed the point that "PAGA claims are different from conventional civil suits." *Id.*

Most significantly for our purposes, *Kim* then explained that a PAGA claim is different from a class action. Although a PAGA claim is "representative in nature," it "is not simply a collection of individual claims for relief, *and so is different from a class action*. The latter is a procedural device for aggregating claims 'when the parties are numerous, and it is impracticable to bring them all before the court.'" *Id.*, *quoting* Cal. Civ. Proc. Code § 382 (emphasis added). "In a class action, the 'representative plaintiff still possesses only a single claim for relief—the plaintiff's own.'" *Id.* (internal quotation marks and citation omitted). By contrast, "a representative action under PAGA is not a class action." *Id.* at 1131, *quoting Huff v. Securitas Sec. Servs. USA, Inc.*, 233 Cal. Rptr. 3d 502, 509 (Ct. App. 2018).

*Kim* also analyzed the statutory context of stand-alone PAGA claims, acknowledging that "many PAGA actions consist of a single cause of action seeking civil penalties." *Id.* at 1132. *Kim* observed that "courts have rejected efforts to split PAGA claims into individual and representative components." *Id.* (citing cases). Thus, standing for "PAGA-only cases cannot be dependent on the maintenance of an individual claim because *individual relief has not been sought*." *Id.* (emphasis added).

*Kim* confirms that Canela, as an aggrieved employee, has no individual claim of her own and is not seeking individual relief. *See ZB, N.A. v. Superior Ct.*, 448 P.3d 239, 250 (Cal. 2019). Instead, Canela's PAGA suit is a type of *qui tam* action. As the only real party in interest, the State of California received notice from Canela, as was required by law, before she filed this suit. *See* Cal. Lab. Code. § 2699.3(a). If Canela's claim has merit, she will obtain a pro-rata share of the civil penalties as an incentive for bringing the suit as California's authorized representative. Finally, the essential attributes of a class action have no place in this stand-alone PAGA suit.

For these reasons, a PAGA claim cannot be brought as a "class action" under CAFA. CAFA jurisdiction was therefore lacking at the time of removal.

## IV.

The district court lacked diversity jurisdiction under section 1332(a). The district court also lacked subject matter jurisdiction under CAFA because Canela's stand-alone PAGA lawsuit was not, and could not have been, filed under a state rule similar to a Rule 23 class action. The district

court erred by not remanding the case to state court. Thus, the district court's summary judgment is

**VACATED WITH INSTRUCTIONS TO REMAND TO STATE COURT**.