NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS RIVAS, in his capacity as Private Attorney General Representative,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No. 20-55140<br><br>D.C. No.<br>8:18-cv-01007-JGB-KK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 19, 2020
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,[**]
District Judge.
Concurrence by Judge BUMATAY

    Coverall North America, Inc., appeals the denial of its motion to compel

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

arbitration of Carlos Rivas's Private Attorneys General Act (PAGA)[1] claim on an

individual basis. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and,

reviewing de novo, we affirm. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559,

564 (9th Cir. 2014).

Coverall first argues that the district court improperly decided issues that the

parties' arbitration agreement reserved for an arbitrator. Specifically, the company

contends that the court had no business deciding whether Rivas could arbitrate

claims on behalf of other allegedly aggrieved employees. The problem with

Coverall's argument, however, is that the company specifically and repeatedly

urged the district court to compel arbitration on "an individual, not a

representative, basis." It further asserted that the question was for the court, not an

arbitrator. It is hard to see how Coverall's position before the district court is

consistent with its position on appeal.[2] In the end, the court answered the questions

---

[1] PAGA is a California law that "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 133 (2014); *see* Cal. Lab. Code §§ 2698–99.6.

[2] In arguing that the district court overstepped its authority, Coverall invokes a rule developed in the context of class arbitrations. *See Shivkov v. Artex Risk Solutions*, 974 F.3d 1051, 1065–66 (9th Cir. 2020) (holding that the availability of class arbitration is a "gateway" issue for the courts absent clear and unmistakable evidence to the contrary). Setting aside whether such a rule is appropriately applied to provisions governing the arbitration of PAGA claims, courts addressing whether class arbitration is available necessarily also address the enforceability of

put to it by Coverall; it simply ruled on the enforceability of a provision that it was asked to enforce. We perceive no reversible error.

Coverall next contends that the Federal Arbitration Act preempts California's rule against waivers of representative PAGA claims. Although *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015), forecloses this argument, Coverall asserts that the Supreme Court effectively overruled that decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and *Lamps Plus, Inc. v. Valera*, 139 S. Ct. 1407 (2019). We disagree. To the extent tension exists between Supreme Court case law and *Sakkab*, it largely stems from *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), a case *Sakkab* considered at length. There, the Court held that the Federal Arbitration Act preempts state laws that interfere with arbitration's "fundamental attributes," including, primarily, its procedural informality. *Id.* at 348–49. The Supreme Court then reiterated and reapplied that rule in *Epic Systems* and *Lamps Plus*. But neither case expanded upon *Concepcion* in such a way as to abrogate *Sakkab*. *See United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013) (specifying that even "strong[] signals" from the Supreme Court that our precedent is wrong do not

---

class-waiver provisions, just as the district court decided the enforceability of the purported representative PAGA waiver here. *See, e.g.*, *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 600 (6th Cir. 2013).

allow a three-judge panel to overrule circuit precedent). Accordingly, insofar as the disputed provision of the parties' arbitration agreement bars Rivas from arbitrating his PAGA claim in full, it remains unenforceable under California law.

Coverall's remaining arguments are similarly unavailing. The company likens PAGA actions to class arbitrations, which, given their procedural complexity, can frustrate the aims of the Federal Arbitration Act. *See, e.g.*, *Concepcion*, 563 U.S. at 348–50. Yet in *Sakkab* we explained that the two proceedings markedly differ.[3] Namely, PAGA arbitrations "do not require the formal procedures of class arbitration." *Sakkab*, 803 F.3d at 436. Coverall lastly urges that California's rule fails to qualify as a generally applicable contract defense under the Federal Arbitration Act's savings clause. But because we also rejected this argument in *Sakkab*, 803 F.3d at 432–33, the district court properly applied California law and denied Coverall's motion to compel arbitration on an individual basis.

**AFFIRMED.**

---

[3] This Court and the California Supreme Court have recently reiterated the fundamental differences between the two types of proceedings. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851–53 (9th Cir. 2020); *Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1130–31 (Cal. 2020).

*Rivas v. Coverall North America*, No. 20-55140

BUMATAY, Circuit Judge, concurring:

Our precedent puts us in the middle of the jurisprudential equivalent of a rock and a hard place. By affirming the denial of the motion to compel here, we have faithfully applied our precedent as well as any three-judge panel of this court could. I therefore join the majority decision.

But I write separately to explain how that precedent has been seriously undermined and should be revisited by our court en banc.

## I.

Rivas's PAGA claim is plainly within the scope of the arbitration agreement, which requires that "all controversies, disputes or claims" between Coverall and Rivas "be submitted promptly for arbitration." The agreement also requires arbitration be conducted on an "individual, not class wide basis." Without our precedent, this would have been a simple case. To enforce the parties' agreement, we should have just compelled arbitration of Rivas's PAGA claim on an individual basis. That is the only solution that gives proper effect to the parties' expressed intent.

But this isn't a simple case. The problem is that PAGA claims are "representative" by their very nature. *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014); *see* Cal. Lab. Code § 2699(a) (2016). And forcing

1

Rivas to arbitrate the PAGA claim on an "individual" basis would run headlong into California law. As the majority decision summarizes, the so-called *Iskanian* rule makes any waiver of representative PAGA claims in an employment agreement unenforceable. *See Iskanian*, 59 Cal. 4th at 383. This wouldn't have posed an obstacle if, like most state laws that frustrate and interfere with arbitration agreements, the *Iskanian* rule was preempted by the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. But, here's the rub: In *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 427 (9th Cir. 2015), we held the *Iskanian* rule was not preempted by the FAA.

This leaves us with several bad options. We could, like the district court suggested, hold that the PAGA claim falls outside the scope of the arbitration agreement. But doing so would have us ignore the plain text of the parties' agreement, which is not something we can do. *See American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (The FAA requires courts to rigorously "enforce arbitration agreements according to their terms[.]") (simplified).

We could also compel arbitration of the PAGA claim, but on a "representative" basis. Of course, that would require transforming the arbitration agreement, which only permits arbitration on an individual basis, into one that allows representative arbitration as well. Yet, we can't just compel parties into any type of arbitration without their consent. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,

2

559 U.S. 662, 685 (2010) (holding that class arbitration cannot be imposed on parties based on silence in the arbitration agreement).

Instead, we affirm the district court, which held the arbitration agreement unenforceable because, under *Iskanian* and *Sakkab*, it works as an implied waiver of PAGA claims. This solution, while compelled by our precedent, undermines the parties' promises to each other and potentially upends all arbitration agreements. We now creep closer to the day that a party may always sidestep an arbitration agreement simply by filing a PAGA claim.[1]

## II.

Recent Supreme Court decisions in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), and *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), make clear that our precedent is in serious need of a course correction. While I agree that *Sakkab* is not clearly irreconcilable with *Epic Systems* and *Lamps Plus* and that we are required to continue to apply *Sakkab*, the writing is on the wall that the Court disfavors our approach. We should correct our law before being countermanded by the Court yet again.

---

[1] When we arrive there formally, we'll be late to the party: California courts have already said as much. *Collie v. Icee Co.*, 52 Cal. App. 5th 477, 481 (2020) (suggesting that an otherwise valid arbitration agreement does not provide a basis to compel arbitration of a PAGA claim) (collecting cases).

In *Epic Systems*, the Court overturned our view of the FAA's saving clause. 138 S. Ct. at 1622–23, 1632. That provision states that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. We held that this provision preserves the unenforceability of an agreement requiring individualized arbitration proceedings based on federal law deeming such contracts illegal. *See Morris v. Ernst & Young, LLP*, 834 F.3d 975, 985 (9th Cir. 2016). But the clause, the Court instructed, "offers no refuge for defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Epic Sys. Corp.*, 138 S. Ct. at 1622 (simplified). That means § 2 does not protect "defenses that target arbitration either by name or by more subtle methods." *Id*. In other words, the saving clause doesn't preserve defenses that interfere with the "fundamental attributes of arbitration." *Id.* (simplified).

Most importantly here, *Epic Systems* specifically denoted that defenses that "attack[] . . . the *individualized* nature of arbitration proceedings," instead of "class or collective ones," fall into the category of law that interferes with arbitration's fundamental attributes. *Id.* (emphasis added). So the Court held preempted the defense that allowed a party to demand a classwide arbitration since it alters "the traditionally individualized and informal nature of arbitration." *Id*. at 1623. The lesson from *Epic Systems* is thus: defenses that render "a contract . . . unenforceable

4

*just because it requires bilateral arbitration*" are not within the saving clause's aegis. *Id.*

Only a year later, the Court again reviewed our arbitration jurisprudence in *Lamps Plus*. There, we applied a California common-law contract principle to construe an ambiguous arbitration agreement as requiring class arbitration. 139 S. Ct. at 1417. Even though the contract-law canon was "nondiscriminatory" and "neutral," and gave "equal treatment" to all contracts, the Supreme Court still found it not protected by the FAA's saving clause. *Id.* at 1418. The Court reiterated that "courts may not rely on state contract principles to reshape traditional individualized arbitration by mandating classwide arbitration procedures without the parties' consent." *Id.* (simplified).

The tensions between *Epic Systems*/*Lamps Plus* and *Sakkab* are obvious. By holding that the *Iskanian* rule is not preempted by the FAA, we interfere with "arbitration's fundamental attributes." *Epic Sys. Corp.*, 138 S. Ct. at 1622. Indeed, its application in this case requires that the parties not arbitrate a claim *at all*. Otherwise, in other cases, *Sakkab* would mandate "representative," rather than individual, arbitration. 803 F.3d at 438–39; *see id.* at 436 (PAGA claims would require arbitration of "penalties arising out of violations against others employees"). But, that is precisely the type of defense that targets an arbitration agreement "*just because it requires bilateral arbitration*," which the Court held doesn't survive the

5

FAA. *Epic Sys. Corp.*, 138 S. Ct. at 1623. Furthermore, *Sakkab* held the *Iskanian* rule not preempted because its purpose is to enforce California's labor laws, a traditional police power. 803 F.3d at 439. But like the state's traditional interest in contract law in *Lamps Plus*, state law doesn't survive preemption if it "reshape[s] traditional individualized arbitration." 139 S. Ct. at 1418 (simplified). Based on these cases, *Sakkab* remains good—but severely hobbled—law.[2]

### III.

The Supreme Court has repeatedly emphasized that the FAA's saving clause's offers no protection to state laws that interfere with parties' choice to engage in individual, bilateral arbitration. To the extent that the *Iskanian* rule undermines that choice—and it clearly does—it runs afoul of the FAA and must be preempted.

Unfortunately, our saving-clause precedent is in disharmony with the Supreme Court's. Both *Epic Systems* and *Lamps Plus* required the Supreme Court to step in and correct our saving-clause decisions—two times in the course of two terms. We should listen to what the Court is telling us and revisit our precedent before again being forced to do so.

---

[2] *Sakkab* also held that the *Iskanian* rule is a "generally applicable" contract defense under § 2. 803 F.3d at 432–33. I have serious doubts that such is the case. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352–55 (2011) (Thomas, J., concurring) (explaining that, to come within § 2, a contract defense not only must apply to *any* contract, but also that the defense must concern the *revocability*—not enforceability—of the arbitration agreement).

6