**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDELL LOWELL JAMES TURNER, | No. 21-16860 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-02980-JD |
| v. | |
| ADALBERTO ALBERTO; CHARLES AQUINO; BRIDGETTE DENEED; DANIEL DEJONG; VICTOR DERTING; LUIS ESCAMILLA; FRAGA, Officer; DARRYL C. MCALLISTER; JON PERSINGER; MICHAEL SEARS; RYAN SETO; SHANSAB, Sgt.; SILVA, Officer; SIRA, Officer; SONSUP, Sgt.; JEFF STEWART; JOSHUA VASICEK; WILSON, Officer; KIRK WU; CITY OF UNION CITY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Randell Lowell James Turner appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from his arrest in 2017. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a motion to remand to state court for lack of federal subject matter jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). We affirm.

The district court properly denied Turner's motion to remand because defendants timely removed the action after receiving service and because the district court had federal question jurisdiction over Turner's 42 U.S.C. § 1983 claims. *See* 28 U.S.C. § 1441 (removal jurisdiction); *id.* § 1446 (procedure for removal of civil actions); *id.* § 1331 (federal question jurisdiction).

In his opening brief, Turner fails to address the grounds for dismissal and has therefore waived his challenge to the district court's judgment. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

The district court did not abuse its discretion by denying Turner's motion to vacate under Federal Rule of Civil Procedure 60(b)(3) because Turner failed to establish grounds warranting relief. *See Casey v. Albertson's Inc.*, 362 F.3d 1254,

2                                                                                    21-16860

1257, 1260 (9th Cir. 2004) (setting forth standard of review and Rule 60(b)(3) motion requirements).

We reject as meritless Turner's Rule 60(b)(4) contention that the district court's judgment was void.

Turner's request to sanction defendants' counsel, set forth in his opening brief, is denied.

**AFFIRMED.**