**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PATRICIA ANDERSON; THOMAS
ANDERSON,
       *Plaintiffs-Appellants*,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
       *Defendant-Appellee.*

No. 15-35981

D.C. No.
3:15-cv-05159-RBL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 7, 2018
Seattle, Washington

Filed March 8, 2019

Before:  M. Margaret McKeown and Michelle T. Friedland,
Circuit Judges, and Susan R. Bolton,\* District Judge.

Opinion by Judge McKeown

---

\* The Honorable Susan R. Bolton, United States District Judge for
the District of Arizona, sitting by designation.

## SUMMARY[**]

### Removal

The panel affirmed the district court's denial of plaintiffs' motion to remand to state court, and held that the defendant insurer timely removed an insurance coverage case to federal court.

The panel held that receipt of an initial pleading by a statutorily designated agent did not begin the thirty-day removal clock under 28 U.S.C. § 1446(b)(1), and it was actual receipt by the insurer that started the removal clock. Applying this rule, the panel concluded that the insurer timely removed the case.

In a contemporaneously filed memorandum disposition, the panel affirmed in part and vacated in part the remainder of the judgment, and remanded for further proceedings.

### COUNSEL

Mark D. Herman (argued), Covington & Burling LLP, Washington, D.C., for Plaintiffs-Appellants.

Gregory Scott Worden (argued) and Donna M. Chamberlin, Lewis Brisbois Bisgaard & Smith LLP, Seattle, Washington, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKEOWN, Circuit Judge:

Patricia Anderson and Thomas Anderson's single-car accident in 1998 began a saga of litigation culminating in this appeal. Little of the tragic history involving nine different trial and appellate proceedings is relevant to this opinion, in which we determine only whether State Farm timely removed the case to federal court.[1] Addressing an issue of first impression in this circuit, we join the Fourth Circuit in holding that receipt of an initial pleading by a statutorily designated agent does not begin the thirty-day removal clock under 28 U.S.C. § 1446(b)(1), and that it was instead actual receipt by State Farm that started the removal clock. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018). Applying this rule, we conclude that State Farm timely removed the case.

The Andersons sued State Farm in Washington state court. Because State Farm is an out-of-state (or "foreign") insurer, state law designates Washington's Insurance Commissioner as State Farm's statutory agent. RCW 48.05.200(1). To serve legal process on State Farm, the Andersons served the Commissioner, who forwarded the complaint to State Farm's designated recipient. RCW 4.28.080(7)(a), 48.05.200(1)–(2). The Andersons served the Commissioner on February 9, 2015, and State Farm received the forwarded complaint four days later, on February 13. On March 16, State Farm removed the case to federal court.

---

[1] We address the remaining issues in a memorandum disposition filed contemporaneously with this opinion.

The parties agree on how to count to thirty, but they disagree over when to begin counting. According to the Andersons, removal was untimely because the thirty-day removal clock began on February 9, when the Commissioner received the complaint. State Farm contends removal was timely as calculated from February 13, when the forwarded copy of the complaint reached State Farm's designated recipient.[2] The district court agreed with State Farm and denied the Andersons' motion to remand. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's ruling. *Patterson v. Int'l Bhd. of Teamsters, Local 959*, 121 F.3d 1345, 1348 (9th Cir. 1997).

We begin our analysis with the statutory text, but it does not take us far. A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). One reading suggests removal was timely because the actual defendant—State Farm—did not receive notice until receiving the mailing from the Commissioner. That reading, however, does not account for the effect of service on a statutory agent. "[T]he statute itself says nothing about service on a statutory agent," *Elliott*, 883 F.3d at 392, and an agent designated by the state legislature to receive service fundamentally differs from a defendant's agent-in-fact, because the defendant has no meaningful say in or control over the former. *See* 14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3731 (Rev. 4th ed. 2018) ("Realistically speaking, of course, statutory agents

---

[2] Thirty days from February 13, 2015, was Sunday, March 15, 2015, so the notice of removal would have been timely filed on Monday, March 16, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

are not true agents but merely are a medium for transmitting the relevant papers.").

Washington law, however, lends some force to the position that service on a statutorily designated agent should qualify as "receipt by the defendant" for purposes of 28 U.S.C. § 1446(b)(1). As a practical matter, a company cannot receive anything except through its agents, and Washington equates service upon the Commissioner with service upon the insurer. RCW 48.05.200(1).[3] Indeed, plaintiffs *must* serve foreign insurers via the Commissioner. *Id.*; RCW 4.28.080(7)(a). But the Supreme Court has cautioned against interpreting the federal removal statute with reference to state law. *See Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute."). So we decline to place much weight on Washington law and conclude that the federal removal statute is, at most, ambiguous on this point. *Cf. Elliott*, 883 F.3d at 392 ("[A] straightforward reading . . . supports holding that the 30-day period . . . is not triggered by service on a statutory agent . . . .").

---

[3] RCW 48.05.200(1) provides: "Each authorized foreign or alien insurer must appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. Service upon the commissioner as attorney constitutes service upon the insurer. Service of legal process against the insurer can be had only by service upon the commissioner, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries."

The legislative history, on the other hand, is unambiguous—it clearly demonstrates Congress' intent to avoid disparate application of the removal statute due to differences in state law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351–53 (1999) (discussing congressional intent at length). Before Congress enacted § 1446(b), a defendant could remove at "any time before the defendant [wa]s required by the laws of the State . . . to answer or plead to the declaration or complaint." 28 U.S.C. § 72 (1940). The practical effects of this regime varied widely among the states. Seeking a replacement that would "give adequate time and operate uniformly throughout the Federal jurisdiction," Congress enacted § 1446(b). H.R. Rep. No. 80-308, at A135 (1947).

As initially enacted, however, § 1446(b) suffered the same infirmity: the removal deadline depended on procedural rules that varied by state. *See Murphy Bros.*, 526 U.S. at 351. In other words, the removal clock began "after commencement of the action or service of process, whichever [wa]s later." Act of June 25, 1948, Pub. L. No. 80-773, § 1446(b), 62 Stat. 869, 939. In states like New York, which allowed a plaintiff to commence an action by serving the summons without the complaint, the removal deadline could expire before the defendant could access the complaint. H.R. Rep. No. 81-352, at 14 (1949); *Murphy Bros.*, 526 U.S. at 351.

Recognizing this disparity, the next Congress amended the statute to provide each defendant with "20 days after he has received (or it has been made available to him) a copy of the initial pleading." S. Rep. No. 81-303, at 6 (1949). In all relevant respects, the 1949 version of § 1446 mirrors today's version: "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt

by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."[4]  Act of May 24, 1949, Pub. L. No. 81-72, § 83, 63 Stat. 89, 101.  In both versions of the statute, the key point was to peg the time calculation to receipt by the defendant.

Intertwining the removal statute with state-specific idiosyncrasies would thwart Congress' twin aims of adequate time to respond and uniform application of the rule. *Murphy Bros.*, 526 U.S. at 351.  Indeed, if delivery to a statutorily designated agent began the removal clock, the effective time a defendant had to remove would depend not only on differences in state law, but also on the efficiency of state agencies in each instance.  The interpretation the Andersons advance would compound disfavored interstate differences by adding case-by-case, *intra*state discrepancies.  That arrangement cannot be reconciled with Congress' unambiguous intent to provide each defendant with a fixed and adequate amount of time, after obtaining access to the complaint, to decide whether to remove.  *See Elliott*, 883 F.3d at 393 ("Serving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case.").

As the Andersons point out, the Court held in *Murphy Brothers* that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint." 526 U.S. at 347–48.  But this holding addressed *what* must be received, not *who* must receive it.  *Id.*  The Court did not consider the implications of serving a statutory

---

[4] Congress later extended the removal window from twenty days to thirty days.  Act of Sept. 29, 1965, Pub. L. No. 89-215, 79 Stat. 887, 887; 28 U.S.C. § 1446(b)(1).

agent before actual receipt by the defendant.  And although it addressed a different question, the Court announced a principle of fairness that is pertinent here:

> We read Congress' provisions for removal in light of a bedrock principle:  An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.

*Id.* at 347.    That "bedrock principle" regarding the importance of actual notice confirms that serving the Commissioner did not provide the necessary notice to State Farm of the suit—that occurred only when State Farm's designated recipient received the complaint.

We are also unconvinced by the Andersons' invocation of the interpretive canon counseling strict construction of removal statutes.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).    The canon is instructive, but it is not absolute and cannot overcome a "clear [contrary] command from both Congress and the Supreme Court."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  The legislative history and *Murphy Brothers* provide just such a clear command.

Nor are we persuaded by the Andersons' suggestion that our ruling invites collateral litigation over "who qualifies" as a recipient.  Our decision cleaves to "settled [district court] law," 14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3731 & n.20 (4th ed.), and the current regime has hardly spawned uncertainty on this point.

We join the Fourth Circuit and hold that the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin

upon service on and receipt by a statutorily designated agent, and began in this case only when State Farm actually received the Andersons' complaint.[5]  *Elliott*, 883 F.3d at 391–94.  State Farm's removal was timely, and we affirm the district court's denial of the Andersons' motion to remand.  For reasons explained in our contemporaneously filed memorandum disposition, we affirm in part and vacate in part the remainder of the judgment and remand for further proceedings.

**AFFIRMED WITH RESPECT TO THE DENIAL OF THE MOTION TO REMAND.**

Each party shall bear its own costs on appeal.

---

[5] The Washington law at issue here, RCW 48.05.200(1), and the North Carolina statute at issue in *Elliott*, 883 F.3d at 390–91 (addressing N.C. Gen. Stat. § 58-16-5), designate a statutory agent that foreign insurers must authorize to accept for service of process.  Other states, such as California, require foreign insurers to designate an agent, but do not designate who that agent is.  *See* Cal. Ins. Code § 1600 ("[E]very foreign insurer [must designate] an agent for service of process.  The agent designated may be any person residing in this state, including, but not limited to, any corporate officer of the insurer.").  Such a requirement is not before us, and we take no position regarding its interplay with the federal removal statute.