**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

VINOD SHARMA; VIJAY L. SHARMA,
*Plaintiffs-Appellants*,

v.

HSI ASSET LOAN OBLIGATION
TRUST 2007-1, by Deutsche Bank
National Trust Company, solely and
expressly in its capacity as Trustee;
HSI ASSET SECURITIZATION
CORPORATION, by Deutsche Bank
National Trust Company, solely and
expressly in its capacity as Trustee,
*Defendants-Appellees.*

No. 20-16898

D.C. No.
2:20-cv-00921-
JAM-KJN

OPINION

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 7, 2021[*]
San Francisco, California

Filed January 25, 2022

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Carlos F. Lucero,[**] Sandra S. Ikuta, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge VanDyke

---

**SUMMARY**[***]

**Removal Jurisdiction**

Reversing the district court's dismissal of a wrongful foreclosure action and remanding, the panel held that the district court erred in denying plaintiffs' motion to remand the action to the state court from which it had been removed to federal court by a party not named in the complaint.

The removing party argued that, as trustee for one of the named defendants, it was entitled to remove the lawsuit because it was the "real party defendant in interest." Disagreeing with the Second Circuit, the panel held that, under the plain language of 28 U.S.C. § 1441(a), only a named defendant may remove an action to federal court.

---

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Vinod Sharma and Vijay L. Sharma, Elk Grove, California, pro se Plaintiffs-Appellants.

Karin Dougan Vogel, Mark G. Rackers, and Melissa A. Freeling, Sheppard Mullin Richter & Hampton LLP, San Diego, California, for Defendants-Appellees.

## OPINION

VANDYKE, Circuit Judge:

Vinod and Vijay Sharma appeal the district court's dismissal of their wrongful foreclosure action. We are asked to resolve two issues on appeal: (1) whether the district court erred by failing to remand this action when removed to federal court by a party not named in the complaint (referred to by the district court as an unnamed "real party defendant in interest"), and (2) whether the district court erred in dismissing the Sharmas' claims as barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse the district court's denial of the Sharmas' motion to remand. Because we direct the district court to remand this case, we do not consider whether the Sharmas' claims are barred by res judicata.

## BACKGROUND

This is the Sharmas' second lawsuit alleging wrongful foreclosure and other related claims stemming from the foreclosure and subsequent sale of a single-family home in Elk Grove, California. The Sharmas purchased the property in July 2000 and refinanced in April 2007. A few years later, the Sharmas defaulted on the loan and American Brokers

Conduit initiated foreclosure proceedings and ultimately sold the property to Deutsche Bank National Trust Company (DBNTC) as Trustee for HSI Asset Loan Obligation Trust 2007-1.

The Sharmas filed their first wrongful foreclosure lawsuit in state court on August 26, 2010, almost immediately after the foreclosure. The state court dismissed that action with prejudice on January 28, 2013, and an appeal was dismissed on April 25, 2013. The Sharmas then vacated the property and it was sold to a third party in December 2013, and sold again in 2016.

The Sharmas filed the instant lawsuit in California state court on July 18, 2019, against HSI Asset Loan Obligation Trust and HSI Asset Securitization Corporation. DBNTC, a party not named in the Sharmas' lawsuit, removed the lawsuit to federal court on May 4, 2020. Shortly after DBNTC removed, the Sharmas asked the district court to remand the lawsuit. DBNTC countered that, despite not being named as a defendant in the lawsuit, as trustee for HSI, one of the named defendants, it was entitled to remove the lawsuit because it was the "real party defendant in interest."

The district court agreed with DBNTC and applied a judicially-created exception to 28 U.S.C. § 1441(a), relying on the Second Circuit's decision in *La Russo v. St. George's University School of Medicine*, 747 F.3d 90 (2d Cir. 2014).[1] That decision has never been addressed by our court. We find that the district court erred by relying on the Second Circuit's *La Russo* decision, and that it should have

---

[1] The district court adopted a magistrate judge's findings and conclusions on August 31, 2020. This opinion refers to those findings and conclusions as decisions of the district court.

remanded this case based on the plain language of 28 U.S.C. § 1441(a).

## STANDARD OF REVIEW

Removal is a question of federal subject matter jurisdiction that is reviewed de novo. *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004); *Abraham v. Norcal Waste Systems, Inc*., 265 F.3d 811, 819 (9th Cir. 2002). Thus, the district court's decision of whether to remand a removed case is reviewed de novo. *See Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017); *Nevada v. Bank of America Corp*., 672 F.3d 661, 667 (9th Cir. 2012). Even when a party fails to object to removal, we review de novo whether the district court has subject matter jurisdiction. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). "A 'defendant seeking removal has the burden to establish that removal is proper.'" *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citation omitted).

## DISCUSSION

The district court erred when it denied remand. The text of 28 U.S.C § 1441(a) authorizes only a "defendant or the defendants" to remove an action to federal court. No named defendant did so here. Because an unnamed party removed this case, the district court should have remanded it instead of retaining jurisdiction by applying the reasoning set out in *La Russo*. Moreover, the *La Russo* rule applied by the district court creates ambiguity and confusion about when an unnamed and unserved defendant's 30-day deadline to remove a case begins and ends, and is contrary to Supreme Court precedent. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (explaining that 28 U.S.C. § 1446(b) requires more than receipt of a

complaint to start the 30-day removal clock for a named defendant who is not yet "under a court's authority"). To address that problem, and without acknowledging that its approach was contrary to *Murphy Brothers*, *La Russo* judicially modified the statutory deadline, relying on an out-of-circuit district court case to state that a "real party defendant in interest" must remove within 30 days after it is "on notice that the wrong defendant has been named." *La Russo*, 747 F.3d at 96 (where a real party defendant in interest "seeks removal, it must act promptly because the 30-day interval in which it is permitted to do so, begins when it is 'on notice that the wrong company defendant has been named'") (quoting *Hillberry v. Wal-Mart Stores East, L.P.*, No. Civ. A. 3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005)). This rule is contrary to both the language of 28 U.S.C. § 1446(b) and the holding in *Murphy Brothers*, both of which support a straightforward conclusion: the 30-day deadline for a defendant named in the complaint to remove a case to federal court begins when the defendant is subject to either service of the summons and complaint, or receipt of the complaint "through service or otherwise." *Murphy Bros.*, 526 U.S. at 347.

## I.   The Plain Meaning of 28 U.S.C. § 1441(a) Requires Remand.

The federal removal statute provides that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*" to the appropriate federal district court. 28 U.S.C. § 1441(a) (emphasis added). In the context of § 1441(a), "the term 'defendant' refers only to the party sued by the original plaintiff." *Home Depot U.S.A. Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "We strictly construe the removal statute against removal

jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Therefore, we do not base our statutory interpretation on "the policy goals behind" the statute.  *Home Depot*, 139 S. Ct. at 1748 (internal quotation and citation omitted).

Here, the district court allowed an unnamed party to remove the case to federal court.  The text of § 1441(a) specifically limits the ability to remove to the "defendant or the defendants," and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court.  28 U.S.C. § 1441(a) ("Except as otherwise *expressly provided by Act of Congress*, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); *see also Home Depot*, 139 S. Ct. at 1749 (observing that "the limits Congress has imposed on removal show that it did not intend to allow [even] all defendants an unqualified right to remove").

The Sharmas sued HSI Asset Loan Obligation Trust and HSI Asset Securitization Corporation in California state court.  The removal statute allowed either named defendant to remove the Sharmas' case to federal court.  But neither did.  Instead, DBNTC filed a notice of removal purporting to be the "real party in interest."  If Congress meant to allow a "real party defendant in interest" to remove an action on behalf of a named defendant, it could have written the statute that way.  *See Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) ("[O]ur starting point must be the language employed by Congress, and we assume that the legislative purpose is expressed by the ordinary meaning of the words

used." (internal quotations and citations omitted)); *see also Home Depot*, 139 S. Ct. at 1749 (providing examples of other removal provisions in which "Congress has clearly extended the reach of the statute to include parties other than the original defendant").

Accordingly, the district court erred when it stated that "[e]ven when a party is not named in an action, such as when the party is mistakenly omitted from the initial complaint or a plaintiff names the wrong defendant, the intended defendant is allowed to remove to federal court." Because no actual defendant removed this case, the district court should have remanded it to state court.

## II. The Extratextual *La Russo* Rule Creates Ambiguity and a Procedural Trap for Unnamed but Interested Parties.

To support its position that DBNTC properly removed the case as an "intended" defendant, the district court relied on a judicially-created exception to § 1441(a) recognized by the second circuit in *La Russo*.[2]  The *La Russo* rule provides that an unnamed "real party defendant in interest" can

---

[2] In *La Russo*, the Second Circuit openly acknowledged that it was adopting a judicially-made exception that departs from the actual language of the removal statute, noting that the phrase "real defendant in interest" "does not appear in the Federal Rules of Civil Procedure, including Rule 17, or in the removal statute." *La Russo*, 747 F.3d at 96. The court nonetheless adopted the rule based primarily on the practice of certain out-of-circuit district courts, and declared that "the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure." *Id*. at 97.  Contrary to *LaRusso*, a district court has no authority to assert jurisdiction over a state court action that was not properly removed pursuant to the plain language of 28 U.S.C. § 1441(a).

remove a lawsuit to federal court when a plaintiff incorrectly or improperly names the wrong defendant in its pleadings. *La Russo*, 747 F.3d at 96. While at odds with the text of the removal statute, the rule holds some superficially intuitive practical appeal. In this case, for example, the district court concluded that DBNTC is the proper defendant to litigate the case as trustee for HSI. Instead of remanding the case and requiring DBNTC to join the state lawsuit before removing, applying the *La Russo* rule appears to efficiently cut out some middle steps by allowing DBNTC to remove without first intervening in state court, or waiting to be added after the plaintiffs discover they named the wrong entities.

But as any seasoned litigator will attest, convenience is rarely the impetus behind most jurisdictional rules, and absolving parties of an inconvenient step is not a sufficient justification to ignore the text of a congressionally-enacted statute and usurp jurisdiction from a state court. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ("[T]he district courts may not exercise jurisdiction absent a statutory basis."). Even if a court had authority to remove a case based on a judge-made exception to a removal statute, any perceived practical appeal to judicially altering § 1441(a) becomes quite *impractical* when considering how the rule would interact with other statutory requirements for removal. For example, allowing a "real party defendant in interest" to remove a case creates confusion about how to enforce the 30-day deadline for removal required by § 1446(b). *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading . . . is not required to be served on the defendant, whichever period is shorter."). Moreover, as *Murphy Brothers* explained, the

30-day time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  526 U.S. at 348. Because an unnamed party is rarely under a court's authority, *La Russo* crafted a workaround to modify this 30-day deadline and service requirement so that it could apply to an unnamed "real party defendant in interest." *La Russo*, 747 F.3d at 96–97.  *La Russo* thus requires technically *non-defendants* to remove within 30 days of being put "on notice that the wrong company defendant has been named."  *Id*. This requirement not only presents practical administrative difficulties—because a non-party must subjectively determine when it is sufficiently "on notice" in this context, and file within 30 days of that date or risk forever losing the opportunity to remove, even if it is later added as a named defendant—but it is also inconsistent with the Supreme Court's authoritative analysis of § 1446(b) in *Murphy Brothers*.

In *Murphy Brothers*, the Supreme Court considered actions sufficient to trigger the 30-day removal deadline under § 1446(b), and explained that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*."  *Murphy Bros.*, 526 U.S. at 347–48 (emphasis added).  The Court recognized that it would make little sense to enforce a removal deadline before a defendant actually joins a lawsuit, and explained that "it would take a clearer statement than Congress has made . . . to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights

slip away before service of summons, *i.e.*, before one is subject to any court's authority." *Id*. at 356.  In other words, according to *Murphy Brothers*, mere unofficial notice of a lawsuit is not enough to bring even a named (but unserved) defendant under a court's authority and therefore trigger the 30-day removal deadline.  *See also Anderson v. State Farm Mut. Auto. Ins. Co*., 917 F.3d 1126, 1130 (9th Cir. 2019) (applying *Murphy Brothers* and explaining that a defendant cannot be expected to engage in litigation until the defendant is formally brought under the court's authority).  A fortiori, therefore, mere unofficial notice of a lawsuit cannot be enough to bring an *un*named *non*-defendant under the court's authority and therefore trigger the 30-day removal deadline.  Such a conclusion would be contrary to *Murphy Brothers*.

When considering the *La Russo* rule in light of *Murphy Brothers*, the *La Russo* rule begins to look more like the *La Russo* trap.  It requires an unnamed party who thinks it may later become an actual defendant to make the indeterminate determination of when the 30-day countdown clock for removal begins, *before* that party is even properly under the court's jurisdiction.  And if the unnamed party guesses wrong and chooses to remove the case too late?  According to *La Russo*, the request would be untimely, and that party would be barred from removing the case—even if that party later becomes an actual defendant.  *La Russo*, 747 F.3d at 96 (explaining that an unnamed party "must act promptly" to remove a case after notice before the 30-day interval for removal expires).  Not only is the *La Russo* rule contrary to the text of the federal removal statute, its extratextual requirements create unnecessary uncertainty for non-parties that might later join or be joined as a defendant in a state court action.  Therefore, even if a court had authority to assert removal jurisdiction not authorized by Congress, *LaRusso*'s judge-made rule is unworkable.

## CONCLUSION

As a federal court, we must enforce congressionally enacted limits on our jurisdiction. Constrained by the text of § 1441(a), we decline to follow the Second Circuit's *La Russo* rule, but instead hold that only the actual named "defendant or the defendants" may remove a case under that removal provision. DBNTC was not a defendant when it removed this case, so the district court should have remanded the case. Accordingly, we reverse the district court and instruct it to remand this case back to the state court where it originated.[3]

**REVERSED AND REMANDED**.

---

[3] Appellees filed a motion to strike challenging certain out-of-state documents included in Appellants' opening brief. Because we reverse the district court on jurisdictional grounds and instruct it to remand this case to state court, we find that Appellees' Motion to Strike, ECF No. 15, should be and is hereby **DENIED as moot**.