NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN CASH, <br><br>       Plaintiff - Appellant, <br><br>  v. <br><br> JAMES E. SIMMONS, Jr.; MICHAEL D. WASHINGTON; DAVID BERRY; WENDY BEHAN; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a San Diego County Police Department; SAN DIEGO COUNTY OFFICE OF THE DISTRICT ATTORNEY, the District Attorney Office for the County of San Diego; SAN DIEGO COUNTY OFFICE OF THE PUBLIC DEFENDER, a County Department providing criminal legal defense; COUNTY OF SAN DIEGO, a County Public Entity; DOES, 1-25, inclusive, <br><br>       Defendants - Appellees. | No. 23-3325 <br><br> D.C. No. 3:22-cv-02065-AGS-DEB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 18, 2025[**]

Before:      CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Steven Cash appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 claims and remanding the action to state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

Contrary to Cash's contentions, the district court properly exercised removal jurisdiction over Cash's action because the operative complaint alleged federal civil rights violations, *see* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1441(a) (allowing removal if the district court has original jurisdiction); and defendants satisfied the procedural requirements for removal, *see* 28 U.S.C. § 1446(a), (b) (setting forth procedure for removal, including joinder or consent by "all defendants who have been properly joined and served"); *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1169 (9th Cir. 2022) (standard of review).

The district court properly dismissed Cash's § 1983 claims because they were barred by the *Rooker-Feldman* doctrine, judicial immunity, or Cash otherwise

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to allege facts sufficient to state a plausible claim. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine; explaining that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court"); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity).

The district court did not abuse its discretion by dismissing without leave to file a second amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Cash's contention that the district court erred by ordering Cash to redact the Judicial Defendants' home addresses in his motion to remand.

**AFFIRMED.**

3                                                    23-3325