**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERIF ANTOUN PHILIPS, | No. 24-7813 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00025 |
| v. | MEMORANDUM* |
| PITT COUNTY MEMORIAL HOSPITAL, INC, | |
| Defendant - Appellee. | |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Sherif Antoun Philips appeals pro se from the district court's judgment in an

action filed against him to enforce a North Carolina state court judgment. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo removal. *Sharma v. HSI*

*Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1169 (9th Cir. 2022); *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 642 n.5 (9th Cir. 2003) (explaining that "[t]he territorial courts in Guam qualify as 'State' courts" for the purpose of removal (citing 48 U.S.C. § 1424-2)).  We affirm with instructions to remand to state court.

Following Philips's removal of this action from state court, the district court held that removal was improper.  We affirm the district court's conclusion that the action was not removable.  *See* 28 U.S.C. § 1441(a), (b)(2) (setting forth grounds for removal and providing that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  However, the district court should have remanded the action to state court.  *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 963-64 (9th Cir. 2024) (explaining that district courts have authority under 28 U.S.C. § 1447(c) to remand for violation of the forum defendant rule).  We instruct the district court to remand the action to state court.

Contrary to Philips's contention, the *Rooker-Feldman* doctrine bars subject matter jurisdiction in federal court.  *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (explaining that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal

district court").

To the extent that Philips intended to challenge the district court's order declaring him a vexatious litigant, we do not consider this issue because it was not specifically and distinctly raised and argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED with instructions to remand to state court.**