**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD P. SIMON; TERESA J. SIMON, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JAYN CROUCHAINE, <br><br> Defendant - Appellant, <br><br> and <br><br> DORIS STRAND, WAYNE JANKE, <br><br> Defendants. | No. 24-3212 <br><br> D.C. No. 2:24-cv-00007-MKD <br><br> MEMORANDUM[*] |
| RONALD P. SIMON; TERESA J. SIMON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JAYN CROUCHAINE; DORIS STRAND; WAYNE JANKE, <br><br> Defendants - Appellees. | No. 24-3213 <br><br> D.C. No. 2:24-cv-00007-MKD |

Appeals from the United States District Court
for the Eastern District of Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mary K. Dimke, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

In these cross appeals, Jayn Crouchaine and Ronald P. and Teresa J. Simon appeal pro se from the district court's order remanding to state court the Simons' action arising out of a child custody dispute. We review de novo the district court's decision to remand, and we have the authority to consider our own jurisdiction. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). We dismiss for lack of jurisdiction.

We lack jurisdiction over these appeals because the challenged order is not reviewable on appeal. *See* 28 U.S.C. § 1447(d) (providing that, subject to certain exceptions, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (explaining that when a district court remands because it lacks subject-matter jurisdiction, "the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)"); *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170, 1173 (9th Cir. 2022) (explaining that federal courts "must enforce congressionally

---

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                    24-3212

enacted limits on our jurisdiction," and thus remand was required where non-defendant removed action under 28 U.S.C. § 1441(a)). We reject as unsupported by the record the parties' contention that removal was under 28 U.S.C. § 1443(1) and therefore that appellate review is not barred.

Even if we were to construe the appeals as petitions for a writ of mandamus, we would lack jurisdiction over the petitions. *See DeMartini v. DeMartini*, 964 F.3d 813, 825 (9th Cir. 2020) (explaining that "[w]hat § 1447(d) prohibits on appeal, it also prohibits on petition for mandamus").

**DISMISSED.**